UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

**REBECCA LOGAN, et al.**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　**NO. 17-29**

**WESTFIELD INSURANCE**　　　　　　　　　　　　**SECTION: "G"(4)**
**CO., et al.**

## ORDER

　　Pending before this Court is Defendants Cory Smothers, Foundation Xpress, LLC, and Westfield Insurance Company (collectively "Defendants") unopposed "Motion for Partial Summary Judgment on Plaintiff Rebecca Logan's Claimed Injury to Her Jaw."[1] Pursuant to Federal Rule of Civil Procedure 56, Defendants seek partial summary judgment dismissing Plaintiff Rebecca Logan's ("Plaintiff") jaw injury claim on the basis that Plaintiff cannot prove that the accident in question caused her injury.[2]

　　The currently pending motion was filed on October 24, 2018.[3] Pursuant to the Western District of Louisiana's Local Rule 7.5, any opposition to a motion must be filed within twenty-one days after service of the motion. Plaintiff has filed no opposition to the motion, and therefore, the motion is deemed to be unopposed.[4] This Court has authority to grant a motion that is unopposed,

---

[1] Rec. Doc. 65.

[2] *Id.* at 1.

[3] *Id.*

[4] A notice of motion setting was issued on October 25, 2018, notifying Plaintiff that she had twenty-one days to file a response to the motion. Rec. Doc. 66. That same day, the parties attended a status conference at which the pending motion was discussed. Thus, Plaintiff was made aware of the instant motion on two separate occasions, yet chose not to file an opposition.

1

although it is not required to do so.[5] District courts may grant an unopposed motion as long as the motion has merit.[6]

In the instant motion, Defendants argue that the Court should grant summary judgment on Plaintiff's alleged jaw injury because Plaintiff cannot prove a causal connection between the accident and her jaw injury.[7] First, Defendants assert that Plaintiff has complained of jaw pain since February 13, 2012, three years before the accident at issue in this litigation.[8] Defendants present the testimony of Plaintiff's dentist, Dr. Ashley Price, who stated that she had not determine the exact cause of Plaintiff's jaw pain and required an MRI by a medical specialist to do so.[9] Defendants allege that Plaintiff never received the recommended evaluation by a medical specialist.[10] Defendants also allege that Dr. Price prescribed Plaintiff treatment for teeth clenching, which seemed to help with some of Plaintiff's symptoms, but Dr. Price has still not determined the exact cause of Plaintiff's jaw pain.[11]

Defendants also contend that Dr. Price cannot definitively connect Plaintiff's jaw pain to the car accident.[12] Defendants state that Dr. Price testified "she would need 'further information' to make a causation finding.'"[13] Defendants aver that Louisiana law requires Plaintiff to produce

---

[5] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[6] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[7] Rec. Doc. 65-1 at 2.

[8] *Id.* at 3.

[9] *Id.* at 4.

[10] *Id.* at 4–5.

[11] *Id.* at 5.

[12] *Id.*

[13] *Id.* at 6.

a medical expert to establish causation, and because Plaintiff fails to do so, her claim fails.[14] Therefore, Movants urge the Court to dismiss Plaintiff's jaw injury tort claim with prejudice.[15]

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[17] On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[18] Where the non-moving party bears the burden of proof at trial, as here, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[19] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports her claims.[20]

When a district court's jurisdiction is based on diversity, the Court applies the substantive law of the forum state.[21] In a personal injury tort action in Louisiana, a plaintiff must show by a

---

[14] *Id.* at 6–7.

[15] *Id.* Plaintiff also filed tort claims related to neck, back, and knee injuries. *Id.* at 2. Movants do not include arguments regarding these injuries in the instant motion. Therefore, Plaintiff's claims based on these injuries will remain in the case.

[16] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[17] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[18] *Celotex,* 477 U.S. at 323.

[19] *Id.* at 325.

[20] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[21] *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010).

preponderance of evidence "a causal relationship between the injury sustained and the accident which caused the injury."[22] "The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident."[23] A presumption of causation (the "*Housley* presumption") arises if "(1) the claimant was in good health prior to the accident; (2) commencing with the accident, the symptoms of the disabling condition appeared and continuously manifested themselves afterwards; and (3) medical evidence shows there is a reasonable possibility of a causal connection between the accident and the disabling condition."[24]

Here, Defendants contend that Plaintiff cannot establish a causal relationship between the accident and her jaw injury because her treating physician, Dr. Price, has not identified the cause of Plaintiff's jaw pain and has not linked the jaw pain to the accident. Defendants argue that Plaintiff has not presented any other medical testimony to prove a causal relationship, and for this reason, it is impossible for her to prove the requisite causation. Defendants also assert that the *Housley* presumption is not applicable here because under the first part of the test, Plaintiff had pre-existing jaw complaints.[25]

Plaintiff has not responded to the motion for summary judgment or presented any evidence to contradict Defendants' assertion that Plaintiff cannot prove that the alleged accident caused her jaw injury. Thus, the undisputed evidence in the record shows that Plaintiff cannot establish the

---

[22] *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 (La. 2/20/95); 650 So. 2d 757, 759 (citing *American Motorist Insurance Co. v. American Rent–All, Inc.*, (La. 5/6/91); 579 So. 2d 429; *Aucoin v. State Farm Mut. Auto. Ins. Co.*, (La. App. 3d Cir. 4/8/87); 505 So. 2d 993; *Richard v. Walgreen's Louisiana Co.*, (La. App. 3d Cir. 10/10/85); 476 So. 2d 1150).

[23] *Id.*

[24] *Medlin v. Newman*, 255 F. App'x 892, 893 (5th Cir. 2007) (citing *Housley v. Cerise*, (La.1991); 579 So. 2d 973, 980).

[25] Rec. Doc. 65-1 at 7.

element of causation, and therefore, Plaintiff does not have a viable tort claim on this injury. As a result, there are no material facts in dispute, and this Court finds that Movants' unopposed motion for summary judgment has merit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Cory Smothers, Foundation Xpress, LLC, and Westfield Insurance Company unopposed "Motion for Partial Summary Judgment on Plaintiff Rebecca Logan's Claimed Injury to Her Jaw"[26] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 11th day of February, 2019.

                                                    **NANNETTE JOLIVETTE BROWN**
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**

---

[26] Rec. Doc. 65.