UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| REBECCA LOGAN AND | * | CASE NO. 6:17 - CV- 00029 |
| DEREK LOGAN | * | |
| VERSUS | * | |
| WESTFIELD INSURANCE COMPANY, | * | JUDGE NANNETTE JOLIVETTE |
| FOUNDATION XPRESS, LLC, CORY | * | BROWN |
| SMOTHERS, AND USAA CASUALTY | * | |
| INSURANCE COMPANY | * | |
| | * | MAGISTRATE JUDGE KAREN |
| | * | WELLS ROBY |

---

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

MAY IT PLEASE THE COURT:

Plaintiff has filed a Motion in Limine requesting that the Court prohibit any reference to the following:

**1.      Social Security Administration.**

The Court should preclude any reference to the Social Security Administration. Green v. Connor, 644 So.2d 618 (La. 1994).

**2.      Prior Claims.**

Whether or not any of the plaintiff have ever made prior claims for money for injuries or whether or not said claims resulted in settlements or lawsuits have been filed or have been tried. While prior medical treatment records may be relevant, evidence of a past claim, lawsuit, and/or settlement are not relevant and any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Federal Rules of Evidence 401-403.

In this matter, defendants have listed as evidence a petition filed by Rebecca Logan's mother 35 years ago in 1985. The petition concerns an August 7, 1984 incident when Rebecca Logan was a minor (age 6), and included claims for Rebecca's mother and her 2 siblings and what looks to be a host of other plaintiffs.

Defendants have also signaled that they will inflame the jury by discussing a "lawsuit" arising out of the March 5, 2015 motor vehicle incident where Rebecca Logan had minor treatment and a nominal settlement with State Farm. No lawsuit is included in the defendants' evidentiary exhibits because none was ever filed (though plaintiff mistakenly confused claim with suit in her deposition). There was no ER visit. Dr. John Martin, who treated Rebecca Logan before and after the March 5, 2015 incident, documented her condition in his records and will be at trial.

As such, there is no probative value to discuss any claim or lawsuit. The medical evidence will sufficiently cover any and all past injuries and/or treatment. To bring a 35 year old petition and/or a State Farm claim before the jury can inflame the jury and prejudice them against Rebecca Logan.

**3.      Collateral Source.**

Reference to any collateral source including but not limited to insurance benefits, worker's compensation, loans or other financial assistance from counsel. See Tipton v. Socony Mobil Oil Co., 375 U.S. 34, 84 S. Ct. 1, 11 L. Ed. 2d 4 (1963)

**4.      Motion in Limine.**

Any reference to the fact that a Motion in Limine was filed should be precluded. Federal Rules of Evidence  401-403.

**5.      Financial Status of Plaintiff Attorney.**

Any comment, inference, evidence, testimony, or document concerning financial status, resources, attorney fees (in this case or others), and/or net worth of plaintiff's attorney.  Federal Rules of Evidence  401-403.

**6.      Attorney-Client Privilege.**

Any mention of any conversations, contracts, and/or transactions between the plaintiff and his attorney(s), including conversations with and all transactions connected thereto. In this connection, plaintiff claims the attorney-client privilege. Federal Rules of Evidence 502.

**7.     Recovery of Interest.**

Any reference to the fact that plaintiff will be able to recover judicial interest on any damages that may be awarded.  Federal Rules of Evidence  401-403.

**8.     Federal Income Tax.**

That any recovery by the plaintiff either would or would not be subject to federal income taxation or any other form of taxation. Federal Rules of Evidence  401-403.

**9.     Annuities.**

Any comment, inference, evidence, testimony or document that mention or allude that any recovery by the plaintiff may be funded into an annuity. Federal Rules of Evidence  401-403.

**10.    Adverse Financial Impact of Verdict Upon Jurors.**

Any comment, inference, evidence, testimony or document tending to suggest, in any way, that the jurors, the state, trucking companies, and/or our community would be damaged or financially hurt if an adverse judgment against Defendants is awarded in this case.  Federal Rules of Evidence  401-403.

**11.    Adverse Effects of Judgment on Insurance Premiums.**

That no mention be made of the effect or result of a claim, suit or judgment upon insurance rates, premiums or charges either generally or as particularly applied to any party in question as a result of this or any other matter.  Federal Rules of Evidence  401-403.

**12.    Adverse Effect of Judgment on Defendants.**

Any evidence, questions, or comments suggesting or implying that Defendants will be adversely affected by any judgment entered in this case, or that Defendants may not be able to pay any such judgment, or by suggesting or implying in any way that there is not sufficient insurance to protect these Defendants, or any other evidence, question, or comment calculated to invoke the sympathy of the jury for these Defendants on grounds of economic hardship. Federal Rules of Evidence  401-403.

**13.     Evidence Precluded by the Court.**

That the Defendants be precluded from inquiring about, mentioning or referencing any testimony, testing, scientific evidence, exhibits or other evidence that has been previously excluded by the Court since this would have the effect of reopening arguments in front of the jury that have already been decided by this Honorable Court. That the Defendants be precluded from inquiring about, mentioning, inferring or referencing any way, any adverse rulings by this Court, or suggesting in any way that any rulings by this Court have somehow prejudiced the Defendant or their counsel.  Federal Rules of Evidence  401-403.

**14.     Photographs, Movies, and Videotapes.**

That the Defendants not mention or allude or attempt to demonstrate to the jury any photographs, movies, videotapes, audiotapes, or similar displays without first tendering such displays to Plaintiffs' counsel for the purpose of permitting any appropriate objection Federal Rules of Evidence  401-403.

**15.     Unrelated Injuries or Illnesses.**

That the Defendants not mention or allude to any unrelated and/or unfounded injuries or illnesses of any of the Plaintiffs unless it can be shown that such unrelated injuries or illnesses have some relevance to any issue to be decided by this jury. Federal Rules of Evidence  401-403.

In this case, defendants have argued that Rebecca's Logan's low back injuries are genetic, as opposed to being caused by this incident. In a pleadings to this Court, see Doc 88 (and plaintiffs' reply Doc. 89), the defendants blew-up and placed in their briefs a one-time comment that mentions "genetically produced bad backs" in Rebecca's written by a unknown employee at Boulet Physical Therapy.  There is no doctor, no medical evidence, and no science that Rebecca has a congenitally or genetically produced bad back.

In fact, the defendants, after seeing this PT note, asked Rebecca Logan about her family's back issues in her deposition. Rebecca testified that one sister had a fall and injured her back, her

mother told her that her father (who she did not really know) may have hurt his back falling off of a ladder, and Rebecca did not know how her other sister, Betsy, developed back pain. Defendants then subpoenaed and deposed that sister, Betsy Alleman, to get to the bottom of this theory. Betsy Alleman testified that her back problems were caused by a traffic accident 20-25 years ago that eventually required a successful surgical repair.

There has been no testimony at all about some genetic deformity that caused back issues in Rebecca's family. Three relatives had traumatic injuries. Yet, defendants continue to tell this Court that Rebecca Logan has some mysterious genetic back condition, based only on this single note from a physical therapist office (that has never been mentioned in years of spine treatment by her board-certified doctors). Defendants went to great lengths in hopes of developing the genetic bad back theory, including subpoenaing and deposing the plaintiff's sister, to no avail.

Rebecca Logan testified that she had right sided low back/SI pain on and off for about 20 years. She started seeing Dr. John Martin in 2013. Her doctors have explained the anatomical findings explain how her new, changed low back injury, symptoms, and treatment are related to this crash. What is clear based on Rebecca's and her doctor's testimony is that the location and intensity of her back pain changed dramatically after this crash. Still, without any verifiable evidence, the defendants continue to represent to this Court that this single, refuted PT note is evidence or an admission of some genetic condition.

Generally, defendants are not unfamiliar with impermissible hearsay needing to be redacted in certified medical records. In the pre-trial order, defendants noted concerning the list of plaintiff's medical records as exhibits:

Defendants do not object to admission of Ms. Logan's certified medical records and bills so long as all inadmissible hearsay or improper opinion testimony is redacted from the records.  See Doc. 118-1, p. 2.

This Court should not allow defendants to prejudice the jury by proposing that Rebecca's injuries are genetic without verifiable medical evidence, of which there is none. Additionally, said not should be redacted and/or excluded from evidence.

**16.    Any Mention of "Obama Care" or Medicare or Other Secondary Payer Programs.**

Any references to "Obama Care" or Medicare or other secondary payer program that Plaintiffs have received, have been entitled to receive, will receive, or will become entitled to receive, benefits of any kind or character. Federal Rules of Evidence 401-403.

**17.    Impeachment Evidence Not Given Timely.**

Any references or evidence of impeachment evidence that was not shared with plaintiffs prior to trial should be excluded.  See Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513, 515 (5th Cir.1993), cert. denied, 114 S.Ct. 1536 (1994).

Respectfully submitted,

BROUSSARD & DAVID, LLC

_s/Blake R. David_
BLAKE R. DAVID (#27427)
ROBERT B. BRAHAN, JR. (#31390)
557 Jefferson Street
P.O. Box 3524
Lafayette, Louisiana 70502-3524
(337) 233-2323 - Telephone
(337) 233-2353 – Facsimile