UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REBECCA LOGAN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-29** |
| **WESTFIELD INSURANCE COMPANY, et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Plaintiffs Rebecca Logan and Derek Logan (collectively, "Plaintiffs") bring negligence claims against Defendants Cory Smothers ("Smothers"), Foundation Xpress LLC ("Foundation Xpress"), and Westfield Insurance Company ("Westfield Insurance") (collectively, "Defendants") for injuries allegedly sustained in an automobile accident.[1] Before the Court is Defendants' "Motion in Limine #6 Limiting the Testimony of Officer James Fail."[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies it in part.

## I. Background

On October 25, 2016, Plaintiffs filed a petition for damages against Defendants in the 16th Judicial District Court for the Parish of Lafayette.[3] The petition arises from a two-vehicle collision at the intersection of Bertrand Drive and East Devalcourt in Lafayette, Louisiana.[4] According to

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 129.

[3] Rec. Doc. 1-1.

[4] *Id.* at 1.

1

the petition, on October 30, 2015, Rebecca Logan was driving her vehicle northward on Bertrand Drive.[5] Thereafter, Smothers allegedly, driving a 2012 Freightline Cascadia southward on Bertrand Drive, attempted a left turn and subsequently collided into Rebecca Logan's automobile.[6]

Rebecca Logan brings a negligence claim against Smothers and Foundation Xpress, who allegedly both own the 2012 Freightline Cascadia and employ Smothers.[7] Plaintiffs also bring claims against Westfield Insurance, who allegedly insured the Freightline Cascadia operated by Smothers.[8] Rebecca Logan contends that she suffered physical pain, mental pain, and other injuries due to the automobile accident.[9] Derek Logan contends that he suffered the loss of services and consortium of Rebecca Logan.[10]

On January 10, 2017, Defendants removed this case to the Western District of Lafayette, asserting diversity jurisdiction under 28 U.S.C. § 1332.[11] The case was initially assigned to United States District Judge Rebecca F. Doherty, and scheduled for trial on May 7, 2018.[12] However, following the retirement of the presiding district judge, the trial date was continued on several occasions.[13] On July 26, 2018, the case was reassigned to Chief Judge Nannette Jolivette Brown,

---

[5] *Id.*

[6] *Id.* at 1–2.

[7] *Id.* at 4.

[8] *Id.*

[9] *Id.* at 2.

[10] *Id.* at 3.

[11] Rec. Doc. 1.

[12] Rec. Doc. 10.

[13] Rec. Docs. 49, 53.

and set for trial on August 19, 2019.[14]

On July 15, 2019, Plaintiffs filed a Motion to Continue the Trial Date and Extend All Deadlines.[15] In the motion to continue, Plaintiffs asserted that a continuance of the August 19, 2019 trial date was necessary because Plaintiff Rebecca Logan was receiving ongoing medical care for her back, neck, and knee, and had just received a surgical recommendation for her back and knee.[16]

On July 22, 2019, the Court granted Plaintiffs' motion to continue trial.[17] In granting the continuance, the Court relied on Plaintiffs' representation that Plaintiff Rebecca Logan had not reached maximum medical improvement with respect to her neck surgery, and that her doctors had recently recommended surgeries for her knee and back.[18] The Court was under the impression that Ms. Logan intended to undergo these additional surgeries to attempt to reach maximum medical improvement.[19] The Court found that a brief continuance was appropriate to allow Plaintiffs to obtain updated medical reports and updated documentation on future medical plans.[20] Therefore, the Court continued the trial date and pretrial conference date, but stated that all other deadlines set forth in the Court's Scheduling Order would remain in effect.[21] However, the Court

---

[14] The case was originally set for trial before Chief Judge Brown on May 13, 2019. Rec. Docs. 49, 53. The trial date was reset to August 19, 2019 due to a conflict in the Court's calendar. Rec. Docs. 57, 59.

[15] Rec. Doc. 86.

[16] *Id.* at 1.

[17] Rec. Doc. 95.

[18] *Id.* at 2.

[19] Ms. Logan did not undergo any additional surgeries following the continuance.

[20] *Id.*

[21] *Id.* at 3.

3

stated that the parties could move to extend a specific deadline upon a showing of good cause.[22]

On January 14, 2020, Defendants filed the instant motion in limine.[23] On January 22, 2020, Plaintiffs filed an opposition to the instant motion.[24]

## II. Parties' Arguments

### A. Defendants' Arguments in Support of the Motion

Defendants move the Court to issue an order limiting the testimony of Officer James Fail, the police officer who investigated the accident, to facts within his knowledge such as his observations when he arrived on the accident scene, any photographs or measurements he took, and the steps of his investigation.[25] Defendants assert that Officer Fail must be prohibited from providing any opinions as to causation, fault, and his reasons for issuing any citations.[26] Defendants note that Officer Fail has not been identified as an expert witness, he has no specialized training in accident investigation or reconstruction, and he was not present when the accident occurred.[27] Accordingly, Defendants assert that Officer Fail must be prohibited from providing his opinions as to the cause of the accident, who was at fault, and his reasons for issuing any citation because such testimony is the province of an expert.[28]

### B. Plaintiffs' Arguments in Opposition to the Motion

In opposition, Plaintiffs acknowledge that testimony by Officer Fail regarding issuance of

---

[22] *Id.*

[23] Rec. Doc. 129.

[24] Rec. Doc. 146.

[25] Rec. Doc. 129 at 1.

[26] *Id.*

[27] Rec. Doc. 129-1 at 1–2.

[28] *Id.* at 2 (citing *Duhon v. Marceaux*, 33 F. App'x. 703, at *4 (5th Cir. 2002)).

4

the citation to Smothers or fault for the accident "may be out of bounds."[29] However, Plaintiffs assert that Officer Fail "is not bound to only what he saw."[30] According to Plaintiffs, Officer Fail may present lay opinion testimony regarding what happened in the accident based on what he saw at the scene when he arrived, the statements he obtained from the parties, and his knowledge of traffic laws.[31] Plaintiffs contend that Officer Fail's "explanation of what facts played a role in the crash will assist the jury in determining relevant facts at issue."[32] In support, Plaintiffs cite *Ernst v. Ace Motor Sales, Inc.*, an Eastern District of Pennsylvania case that has been cited approvingly by the Fifth Circuit.[33] Plaintiffs note that in *Ernst*, the district court held that the police officer could offer lay opinion testimony as to the point of impact of an automobile collision because the officer's opinion "about the point of impact was based upon his perception of physical evidence found at the accident scene."[34]

### III. Legal Standard

The Federal Rules of Evidence divide opinion testimony into two categories: lay opinion and expert opinion testimony. Pursuant to Federal Rule of Evidence 701, when a witness is not testifying as an expert, testimony in the form of an opinion is limited to an opinion that is:

(a) rationally based on the witness's perception;
(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
(c) not based on scientific, technical, or other specialized knowledge within the

---

[29] Rec. Doc. 146 at 3.

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.* at 5 (citing 550 F. Supp. 1220, 1223 (E.D. Pa.1982)).

[34] *Id.*

5

scope of Rule 702.³⁵

Pursuant to Federal Rule of Evidence 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.³⁶

### IV. Analysis

Defendants move the Court to issue an order limiting the testimony of Officer James Fail, the police officer who investigated the accident, to facts within his knowledge such as his observations when he arrived on the accident scene, any photographs or measurements he took, and the steps of his investigation.³⁷ Defendants assert that Officer Fail must be prohibited from providing his opinions as to causation, fault, and his reasons for issuing a citation.³⁸ In opposition, Plaintiffs acknowledge that testimony by Officer Fail regarding issuance of the citation to Smothers or fault for the accident "may be out of bounds."³⁹ However, Plaintiffs assert that Officer Fail may present lay opinion testimony regarding what happened in the accident based on what he saw at the scene when he arrived, the statements he obtained from the parties, and his knowledge of traffic laws.⁴⁰

---

³⁵ Fed. R. Evid. 701.

³⁶ Fed. R. Civ. 702.

³⁷ Rec. Doc. 129 at 1.

³⁸ *Id.*

³⁹ Rec. Doc. 146 at 3.

⁴⁰ *Id.*

In *Duhon v. Marceaux*, the Fifth Circuit affirmed a district court's exclusion of a law enforcement officer's opinion testimony regarding the cause of a car accident.[41] The Fifth Circuit noted that the officer was not qualified as an expert in accident reconstruction and did not personally witness the accident.[42] Therefore, the Fifth Circuit affirmed the exclusion of the testimony under the "general rule" that "police officers' lay opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene are excluded under Rule 701."[43] In support of this "general rule" the Fifth Circuit cited *Ernst v. Ace Motor Sales, Inc.*, an Eastern District of Pennsylvania case holding that an officer's lay opinion testimony was admissible only to the extent that it pertained to the point of impact.[44] The district court reasoned that the officer's opinion "about the point of impact was based upon his perception of physical evidence found at the accident scene; more particularly, his opinion was based upon a trail of debris leading from the highway to the plaintiff's car."[45]

Courts have recognized that first-hand observations of a police officer, which are based on the officer's investigation and experience, are also admissible.[46] As a lay witness, Officer Fail may provide opinion testimony that is rationally based on his perception, helpful to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge.[47] If Officer

---

[41] 33 F. App'x 703, 2002 WL 432383, at *4 (5th Cir. 2002).

[42] *Id.*

[43] *Id.*

[44] *Id.* (citing 550 F.Supp. 1220, 1223 (E.D. Pa.1982), *aff'd without op.*, 720 F.2d 661 (3d Cir. 1982)).

[45] *Ernst*, 550 F.Supp. at 1223.

[46] *Reliastar Life Ins. Co. v. Thompson*, No. 07-140, 2008 WL 4327259, at *4 (S.D. Tex. Sept. 16, 2008); *Harris v. Browning–Ferris Indus. Chem. Servs., Inc.*, 635 F.Supp. 1202, 1209 (M.D. La.1986), *aff'd without op.*, 806 F.2d 259 (5th Cir. 1986).

[47] Fed. R. Evid. 701.

Fail formed an opinion about the point of impact that is rationally based on his perceptions at the scene, he may express such an opinion to the jury. However, Officer Fail may not provide an opinion as to the cause of the accident because he did not witness the accident and has not been designated as an expert witness.[48]

### V. Conclusion

Considering the forgoing reasons,

**IT IS HEREBY ORDERED** that Defendants Cory Smothers, Foundation Xpress LLC, and Westfield Insurance Company's "Motion in Limine #6 Limiting the Testimony of Officer James Fail" is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED IN PART** to the extent that Officer Fail may not testify as to causation, fault, or his reasons for issuing a citation. The motion is **DENIED IN PART** to the extent that Officer Fail may provide appropriate lay opinion testimony as set forth herein, that is, about which he saw when he arrived at the scene.

**NEW ORLEANS, LOUISIANA,** this 23rd day of January, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[48] *Duhon*, 2002 WL 432383, at *4.