UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REBECCA LOGAN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-29** |
| **WESTFIELD INSURANCE COMPANY, et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Plaintiffs Rebecca Logan and Derek Logan (collectively, "Plaintiffs") bring negligence claims against Defendants Cory Smothers ("Smothers"), Foundation Xpress LLC ("Foundation Xpress"), and Westfield Insurance Company ("Westfield Insurance") (collectively, "Defendants") for injuries allegedly sustained in an automobile accident.[1] Before the Court is Defendants' "Motion in Limine #8 Excluding Hearsay and Non-Medical Opinions and Speculation Contained in Plaintiff's Medical Records."[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

On October 25, 2016, Plaintiffs filed a petition for damages against Defendants in the 16th Judicial District Court for the Parish of Lafayette.[3] The petition arises from a two-vehicle collision at the intersection of Bertrand Drive and East Devalcourt in Lafayette, Louisiana.[4] According to

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 131.

[3] Rec. Doc. 1-1.

[4] *Id.* at 1.

1

the petition, on October 30, 2015, Rebecca Logan was driving her vehicle northward on Bertrand Drive.[5] Thereafter, Smothers allegedly, driving a 2012 Freightline Cascadia southward on Bertrand Drive, attempted a left turn and subsequently collided into Rebecca Logan's automobile.[6]

Rebecca Logan brings a negligence claim against Smothers and Foundation Xpress, who allegedly both own the 2012 Freightline Cascadia and employ Smothers.[7] Plaintiffs also bring claims against Westfield Insurance, who allegedly insured the Freightline Cascadia operated by Smothers.[8] Rebecca Logan contends that she suffered physical pain, mental pain, and other injuries due to the automobile accident.[9] Derek Logan contends that he suffered the loss of services and consortium of Rebecca Logan.[10]

On January 10, 2017, Defendants removed this case to the Western District of Lafayette, asserting diversity jurisdiction under 28 U.S.C. § 1332.[11] The case was initially assigned to United States District Judge Rebecca F. Doherty, and scheduled for trial on May 7, 2018.[12] However, following the retirement of the presiding district judge, the trial date was continued on several occasions.[13] On July 26, 2018, the case was reassigned to Chief Judge Nannette Jolivette Brown,

---

[5] *Id.*

[6] *Id.* at 1–2.

[7] *Id.* at 4.

[8] *Id.*

[9] *Id.* at 2.

[10] *Id.* at 3.

[11] Rec. Doc. 1.

[12] Rec. Doc. 10.

[13] Rec. Docs. 49, 53.

and set for trial on August 19, 2019.[14]

On July 15, 2019, Plaintiffs filed a Motion to Continue the Trial Date and Extend All Deadlines.[15] In the motion to continue, Plaintiffs asserted that a continuance of the August 19, 2019 trial date was necessary because Plaintiff Rebecca Logan was receiving ongoing medical care for her back, neck, and knee, and had just received a surgical recommendation for her back and knee.[16]

On July 22, 2019, the Court granted Plaintiffs' motion to continue trial.[17] In granting the continuance, the Court relied on Plaintiffs' representation that Plaintiff Rebecca Logan had not reached maximum medical improvement with respect to her neck surgery, and that her doctors had recently recommended surgeries for her knee and back.[18] The Court was under the impression that Ms. Logan intended to undergo these additional surgeries to attempt to reach maximum medical improvement.[19] The Court found that a brief continuance was appropriate to allow Plaintiffs to obtain updated medical reports and updated documentation on future medical plans.[20] Therefore, the Court continued the trial date and pretrial conference date, but stated that all other deadlines set forth in the Court's Scheduling Order would remain in effect.[21] However, the Court

---

[14] The case was originally set for trial before Chief Judge Brown on May 13, 2019. Rec. Docs. 49, 53. The trial date was reset to August 19, 2019 due to a conflict in the Court's calendar. Rec. Docs. 57, 59.

[15] Rec. Doc. 86.

[16] *Id.* at 1.

[17] Rec. Doc. 95.

[18] *Id.* at 2.

[19] Ms. Logan did not undergo any additional surgeries following the continuance.

[20] *Id.*

[21] *Id.* at 3.

stated that the parties could move to extend a specific deadline upon a showing of good cause.[22]

On January 14, 2020, Defendants filed the instant motion in limine.[23] On January 22, 2020, Plaintiffs filed an opposition to the instant motion.[24]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Motion*

Defendants move the Court to issue an order excluding from trial all portions of Rebecca Logan's medical records that include her opinions on the cause of and fault for the accident, because Defendants assert these opinions are impermissible hearsay.[25] In support, Defendants cite Fifth Circuit and district court opinions holding that statements in medical records concerning the cause of an accident, or fault for an accident, constitute inadmissible hearsay that does not fall within an exception and should be excluded.[26] Accordingly, Defendants assert that any statements contained in Rebecca Logan's medical records addressing the cause of the accident, including fault for accident, and other factual details concerning the accident are inadmissible hearsay that must be excluded.[27]

### B. *Plaintiffs' Arguments in Opposition to the Motion*

In opposition, Plaintiffs assert that the statement contained in the medical records regarding the cause of or fault for the accident should be admitted pursuant to Federal Rule of Evidence

---

[22] *Id.*

[23] Rec. Doc. 131.

[24] Rec. Doc. 145.

[25] Rec. Doc. 131 at 1.

[26] Rec. Doc. 131-1 at 2 (citing *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 277–78 (5th Cir. 1991); *Wilson v. Zapata Off-Shore Co.,* 939 F.2d 260, 272 (5th Cir. 1991); *Williams v. Sims*, 2009 WL 10699387 (W.D. La. Mar. 13, 2009)).

[27] *Id.* at 3–4.

801(d)(1)(B).[28] Plaintiffs argue that the cases cited by Defendants are inapposite because in each of those cases the declarant was not available to testify at trial.[29] Here, Plaintiffs assert that Rebecca Logan will testify at trial and will be subject to cross-examination by Defendants.[30] Plaintiffs contend that Defendants have maintained that Ms. Logan caused the accident, and therefore, Ms. Logan's prior consistent statements that Mr. Smothers caused the accident should be admitted to rebut Defendants' assertion that Ms. Logan recently fabricated the statement.[31]

### III. Legal Standard

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[32] Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise.[33] After a party properly objects to the admission of evidence as hearsay, the proponent of evidence bears the burden to show that statement is not offered as hearsay or falls within an exception to the hearsay rule.[34]

---

[28] Rec. Doc. 145 at 3–4.

[29] *Id.* at 2.

[30] *Id.* at 3.

[31] *Id.* at 3.

[32] Fed. R. Evid. 801(c)(1)–(2). Federal Rule of Evidence 801(d) further provides that opposing party's statements and certain prior statements by declarant-witnesses used to impeach or rebut the witness are not hearsay.

[33] Fed. R. Evid. 802.

[34] *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."); *Loomis v. Starkville Mississippi Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742–43 (N.D. Miss. 2015) ("Once a party has 'properly objected to [evidence] as inadmissible hearsay,' the burden shifts to the proponent of the evidence to show, 'by a preponderance of the evidence, that the evidence [falls] within an exclusion or exception to the hearsay rule and was therefore admissible.'" (citations omitted)); *see also Randle v. Tregre*,

## IV. Analysis

Testimony regarding out of court statements, when offered for the truth of the matter asserted, is hearsay[35] and is ordinarily inadmissible.[36] Here, statements regarding the cause of the accident and fault for the accident within the medical records constitute hearsay within hearsay if offered for the truth of the matter asserted because they are out of court statements by another individual (*i.e.* the medical professional) regarding statements made by another individuals (*i.e.* Rebecca Logan).[37] Thus, to be admissible, Plaintiffs needed to show that both levels of hearsay fall within an exception to the hearsay rule.[38]

Medical records are routinely admitted as evidence under the business records exception to the hearsay rule.[39] Therefore, the medical records are admissible if it was kept in the course of regularly conducted business activity.

Pursuant to Federal Rule of Evidence 803(4), a statement that "is made for—and is reasonably pertinent to—medical diagnosis or treatment; and describes medical history; past or present symptoms or sensations; their inception; or their general cause" is excluded from the rule against hearsay. According to the Fifth Circuit "[d]etails of the injury not necessary for treatment but serving only to suggest fault 'would not ordinarily qualify' as an exception to the hearsay rule

---

147 F. Supp. 3d 581, 596 (E.D. La. 2015) (Africk, J.); *Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, No. 10-2524, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012).

[35] *See* Fed. R. Evid. 801(c)(1)–(2).

[36] *See* Fed. R. Evid. 802.

[37] *See* Fed. R. Evid. 805.

[38] *Id.*; *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 280 (5th Cir. 1991) ("To be admissible, both levels of hearsay must come within exceptions to the hearsay rule.").

[39] *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991) ("Rule 803(6) provides a hearsay exception for records kept in the course of any regularly conducted business activity, which would include hospitals.").

under Rule 803(4)."[40] Therefore, Ms. Logan's statements regarding the cause of the accident and fault for the accident are not admissible under Rule 803(4).

Plaintiffs argue that the statements are admissible under Rule 801(d)(1)(B). Specifically, Plaintiffs contend that Defendants have maintained that Ms. Logan caused the accident, and therefore, Ms. Logan's prior consistent statements that Mr. Smothers caused the accident should be admitted to rebut Defendants' assertion that Ms. Logan recently fabricated the statement.[41] Pursuant to Rule 801(d)(1)(B), a prior out of court statement is not hearsay if the declarant testifies and is subject to cross-examination about a prior statement, and the statement is consistent with the declarant's testimony and is offered:

> (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
> (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground. . . .

"Although Rule 801(d)(1)(B) does not mention a time limitation, the Supreme Court has stated that prior consistent statements are only admissible to rebut a charge of fabrication if the statements were made prior to the time that the declarant's motivation to fabricate arose."[42] Consequently, the Fifth Circuit has found that "admitting statements under Rule 801(d)(1)(B) that were made after the time the motivation to fabricate arose constitutes error."[43]

Here, any alleged motivation on the part of Ms. Logan to fabricate a statement concerning fault for the accident arose when the accident occurred, before Ms. Logan sought medical

---

[40] *Rock*, 922 F.2d at 277.

[41] Rec. Doc. 145 at 3.

[42] *United States v. Powers*, 168 F.3d 741, 750 (5th Cir. 1999) (citing *Tome v. United States*, 513 U.S. 150, 160 (1995)).

[43] *Id.* (citing *United States v. Riddle*, 103 F.3d 423, 432 (5th Cir. 1997)).

7

treatment. Therefore, her statements within the medical records that Mr. Smothers caused the accident are not admissible to rebut an express or implied charge that Ms. Logan recently fabricated her statement regarding the accident. Plaintiffs, as the proponents of this evidence, bear the burden to show that the statements are not offered as hearsay or fall within an exception to the hearsay rule. Plaintiffs have not met that burden. Accordingly, the Court grants Defendants' motion to exclude from trial all portions of Rebecca Logan's medical records that include her opinions on the cause of and fault for the accident.[44]

## V. Conclusion

Considering the forgoing reasons,

**IT IS HEREBY ORDERED** that Defendants Cory Smothers, Foundation Xpress LLC, and Westfield Insurance Company's "Motion in Limine #8 Excluding Hearsay and Non-Medical Opinions and Speculation Contained in Plaintiff's Medical Records"[45] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this 23rd day of January, 2020.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[44] Rec. Doc. 131 at 1.

[45] Rec. Doc. 131.