# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REBECCA LOGAN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-29** |
| **WESTFIELD INSURANCE COMPANY, et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Plaintiffs Rebecca Logan and Derek Logan (collectively, "Plaintiffs") bring negligence claims against Defendants Cory Smothers ("Smothers"), Foundation Xpress LLC ("Foundation Xpress"), and Westfield Insurance Company ("Westfield Insurance") (collectively, "Defendants") for injuries allegedly sustained in an automobile accident.[1] Before the Court is Plaintiffs' "Second Motion in Limine."[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies it in part.

## I. Background

On October 25, 2016, Plaintiffs filed a petition for damages against Defendants in the 16th Judicial District Court for the Parish of Lafayette.[3] The petition arises from a two-vehicle collision at the intersection of Bertrand Drive and East Devalcourt in Lafayette, Louisiana.[4] According to

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 120.

[3] Rec. Doc. 1-1.

[4] *Id.* at 1.

the petition, on October 30, 2015, Rebecca Logan was driving her vehicle northward on Bertrand Drive.[5] Thereafter, Smothers allegedly, driving a 2012 Freightline Cascadia southward on Bertrand Drive, attempted a left turn and subsequently collided into Rebecca Logan's automobile.[6]

Rebecca Logan brings a negligence claim against Smothers and Foundation Xpress, who allegedly both owns the 2012 Freightline Cascadia and employs Smothers.[7] Plaintiffs also bring claims against Westfield Insurance, who allegedly insured the Freightline Cascadia operated by Smothers.[8] Rebecca Logan contends that she suffered physical pain, mental pain, and other injuries due to the automobile accident.[9] Derek Logan contends that he suffered the loss of services and consortium of Rebecca Logan.[10]

On January 10, 2017, Defendants removed this case to the Western District of Lafayette, asserting diversity jurisdiction under 28 U.S.C. § 1332.[11] The case was initially assigned to United States District Judge Rebecca F. Doherty, and scheduled for trial on May 7, 2018.[12] However, following the retirement of the presiding district judge, the trial date was continued on several occasions.[13] On July 26, 2018, the case was reassigned to Chief Judge Nannette Jolivette Brown,

---

[5] *Id.*

[6] *Id.* at 1–2.

[7] *Id.* at 4.

[8] *Id.*

[9] *Id.* at 2.

[10] *Id.* at 3.

[11] Rec. Doc. 1.

[12] Rec. Doc. 10.

[13] Rec. Docs. 49, 53.

and set for trial on August 19, 2019.[14]

On July 15, 2019, Plaintiffs filed a Motion to Continue the Trial Date and Extend All Deadlines.[15] In the motion to continue, Plaintiffs asserted that a continuance of the August 19, 2019 trial date was necessary because Plaintiff Rebecca Logan was receiving ongoing medical care for her back, neck, and knee, and had just received a surgical recommendation for her back and knee.[16]

On July 22, 2019, the Court granted Plaintiffs' motion to continue trial.[17] In granting the continuance, the Court relied on Plaintiffs' representation that Plaintiff Rebecca Logan had not reached maximum medical improvement with respect to her neck surgery, and that her doctors had recently recommended surgeries for her knee and back.[18] The Court was under the impression that Ms. Logan intended to undergo these additional surgeries to attempt to reach maximum medical improvement.[19] The Court found that a brief continuance was appropriate to allow Plaintiffs to obtain updated medical reports and updated documentation on future medical plans.[20] Therefore, the Court continued the trial date and pretrial conference date, but stated that all other deadlines set forth in the Court's Scheduling Order would remain in effect.[21] However, the Court stated that

---

[14] The case was originally set for trial before Chief Judge Brown on May 13, 2019. Rec. Docs. 49, 53. The trial date was reset to August 19, 2019 due to a conflict in the Court's calendar. Rec. Docs. 57, 59.

[15] Rec. Doc. 86.

[16] *Id.* at 1.

[17] Rec. Doc. 95.

[18] *Id.* at 2.

[19] Ms. Logan did not undergo any additional surgeries following the continuance.

[20] *Id.*

[21] *Id.* at 3.

the parties could move to extend a specific deadline upon a showing of good cause.[22]

On January 7, 2020, Plaintiffs filed the instant motion in limine.[23] On January 13, 2020, Defendants filed an opposition to the instant motion.[24]

## II. Parties' Arguments

### A. Plaintiffs' Arguments in Support of the Motion

Plaintiffs omnibus motion in limine seeks to exclude the introduction of seventeen categories of evidence.[25]

#### 1. References to the Social Security Administration

First, Plaintiffs seek to exclude any reference to the Social Security Administration.[26]

#### 2. References to Prior Claims

Second, Plaintiffs seek to exclude any reference to any past claims, lawsuits, or settlements.[27] Plaintiffs acknowledge that past medical records may be relevant.[28] However, they assert that evidence of a past claim, lawsuit, or settlement is not relevant and any probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.[29] Specifically, Plaintiffs assert that evidence of a petition filed by Rebecca Logan's mother in 1985 and evidence that Rebecca Logan received a nominal settlement for a

---

[22] *Id.*

[23] Rec. Doc. 120; Rec. Doc. 122 (memorandum in support).

[24] Rec. Doc. 127.

[25] Rec. Doc. 122.

[26] *Id.* at 1.

[27] *Id.*

[28] *Id.*

[29] *Id.*

motor vehicle accident in 2015 should be excluded.[30]

### 3.   References to Any Collateral Source

Third, Plaintiffs seek to exclude reference to any collateral source including, but not limited to, insurance benefits, worker's compensation, loans or other financial assistance from counsel.[31]

### 4.   References to Motions in Limine

Fourth, Plaintiffs seek to exclude any reference to the fact that a motion in limine was filed.[32]

### 5.   Comment on the Financial Status of Plaintiffs' Attorney

Fifth, Plaintiffs seek to exclude any comment, inference, evidence testimony, or document concerning the financial status, resources, attorney's fees, and net worth of Plaintiffs' attorney.[33]

### 6.   Information Related to Attorney-Client Privilege

Sixth, Plaintiffs request that the Court exclude "[a]ny mention of any conversations, contracts, and/or transactions between" Plaintiffs and their attorneys.[34]

### 7.   Reference to the Recovery of Interest

Seventh, Plaintiffs move the Court to exclude any reference to the fact that Plaintiffs will be able to recover judicial interest on any damages that may be awarded.[35]

---

[30] *Id.* at 1–2.

[31] *Id.* at 2.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.* at 3.

### 8. Mention of Federal Income Tax

Eighth, Plaintiffs seek to exclude any mention of whether recovery either would or would not be subject to federal income taxation or any other form of taxation.[36]

### 9. Comment on Annuities

Ninth, Plaintiffs request that the Court exclude any comment, inference, evidence, testimony, or document that mentions or alludes that any recovery by Plaintiffs may be funded into an annuity.[37]

### 10. Comment on Adverse Financial Impact of Verdict upon Jurors

Tenth, Plaintiffs request that the Court exclude any "comment, inference, evidence, testimony or document tending to suggest, in any way, that the jurors, the state, trucking companies, and/or our community would be damaged or financially hurt if an adverse judgment against Defendants is awarded in this case."[38]

### 11. Mention of Adverse Effects of Judgment on Insurance Premiums

Eleventh, Plaintiffs request that the Court exclude any mention "of the effect or result of a claim, suit or judgment upon insurance rates, premiums or charges either generally or as particularly applied to any party in question as a result of this or any other matter."[39]

### 12. Comment Suggesting an Adverse Effect of Judgment on Defendants

Twelfth, Plaintiffs move the Court to exclude any "evidence, questions, or comments

---

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

suggesting or implying that Defendants will be adversely affected by any judgment entered in this case, or that Defendants may not be able to pay any such judgments, or by suggesting or implying in any way that there is not sufficient insurance to protect these Defendants."[40] Additionally, Plaintiffs seek to exclude any other evidence, question, or comment intended to invoke sympathy for Defendants on the grounds of economic hardship.[41]

### 13. Mention of Evidence Precluded by the Court

Thirteenth, Plaintiffs request that the Court exclude any mention of testimony, testing, or evidence that was previously excluded by this Court.[42]

### 14. Displaying Photographs, Movies, and Videotapes

Fourteenth, Plaintiffs move the Court to prohibit Defendants from displaying photographs, movies, and videotapes without first tendering such displays to Plaintiffs' counsel for the purpose of permitting any appropriate objection.[43]

### 15. Mention of Unrelated Injuries or Illness

Fifteenth, Plaintiffs move the Court to exclude any mention of unrelated and/or unfounded injuries or illnesses of Plaintiffs "unless it can be shown that such unrelated injuries or illnesses have some relevance to any issue to be decided by this jury."[44] Plaintiffs note that Defendants have argued that Rebecca Logan's low back injuries are a genetic condition, based on one note in

---

[40] *Id.*

[41] *Id.*

[42] *Id.* at 4.

[43] *Id.*

[44] *Id.*

Rebecca Logan's physical therapy records referencing a "genetically produced bad back."[45] Plaintiffs assert that there has been no testimony that a genetic deformity caused back issues in Rebecca Logan's family.[46] Although Rebecca Logan has experienced right sided low back pain on and off for about 20 years, Plaintiffs assert that Rebecca Logan and Dr. John Martin will testify that "the location and intensity of her back pain changed dramatically after this crash."[47] Plaintiffs argue that the Court should not allow Defendants to prejudice the jury by proposing that Rebecca Logan's injuries are genetic without verifiable medical evidence.[48] Additionally, Plaintiffs assert that the physical therapy note should be redacted and/or excluded from evidence.[49]

### 16.     Mention of "Obama Care," Medicare, and Other Secondary Payer Programs

Sixteenth, Plaintiffs seek to exclude any references to "Obama Care," Medicare, or other secondary payer programs that Plaintiffs have received, will receive, or will become entitled to receive.[50]

### 17.     Reference to Impeachment Evidence not Given Timely

Seventeenth, Plaintiffs request that the Court exclude any references or evidence to impeachment evidence that was not shared with Plaintiffs prior to trial.[51]

---

[45] *Id.*

[46] *Id.* at 5.

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.* at 6.

[51] *Id.*

## B.    *Defendants' Arguments in Opposition to the Motion*

Defendants do not oppose Plaintiffs' request that the Court exclude the following categories of evidence: (1) references to the Social Security Administration; (4)  references to motions in limine; (5) comment on the financial status of Plaintiffs' attorney; (9) comment on annuities; (13) mention of evidence precluded by the Court; and (16) mention of "Obama Care," Medicare, or other secondary payer programs that Plaintiffs have received, will receive, or will become entitled to receive.[52] Defendants oppose in whole or in part the exclusion of the other categories of evidence at issue in Plaintiffs' omnibus motion in limine.[53]

### 2.    References to Prior Claims

Defendants do not oppose Plaintiffs' request that any evidence regarding the lawsuit filed by Rebecca Logan's mother in 1985 be excluded at trial.[54] However, Defendants note that Rebecca Logan was involved in another motor vehicle accident just seven months before the accident at issue in this case, and she admitted that the earlier accident caused pain in her back, neck, and jaw.[55] Defendants contend that evidence regarding the prior motor vehicle accident will assist the jury in deciding medical causation and assessing credibility.[56] Defendants assert that federal courts consistently "recognize that evidence concerning prior, similar claims is admissible for both substantive and impeachment purposes, particularly if the prior claim involves the same body parts

---

[52] Rec. Doc. 127.

[53] *Id.*

[54] *Id.* at 1–2.

[55] *Id.* at 2.

[56] *Id.* at 3.

at issue in current litigation."[57] Defendants argue that Rebecca Logan's "earlier litigation and/or claim history goes directly to show Ms. Logan had a pre-existing condition(s) and those condition(s) substantially debilitated her."[58] Therefore, Defendants contend that the jury should be able to consider this evidence.[59]

### 3. References to Any Collateral Source

Defendants acknowledge that evidence of collateral source payments is generally inadmissible.[60] However, Defendants assert that this evidence may be admissible for impeachment purposes, and Defendants oppose the request to exclude collateral source payments on that limited basis.[61]

### 6. Information Related to Attorney-Client Privilege

Defendants assert that Plaintiffs' request to exclude any mention of any conversations, contracts, and/or transactions between Plaintiffs and their attorneys is vague and unexplained.[62] Defendants state that they will adhere to the rules protecting attorney-client privilege, but they contend without referring to facts or law, Plaintiffs' motion is too broad and vague for the Court to instruct Defendants on what they can or cannot ask Plaintiffs.[63]

---

[57] *Id.* at 3–4 (citing *Landry v. Haye*, 2015 WL 13037311 (W.D. La. Mar. 24, 2015); *Reed v. Tokio Marine & Nichido Fire Ins. Co.*, 2010 WL 2560487 (W.D. La. June 24, 2010); *Couch v. Wal-Mart Stores, Inc.*, 191 F.3d 455 (7th Cir. 1999); *O'Shea v. Jewel Tea Co.*, 233 F.2d 530, 532 (7th Cir. 1956)).

[58] *Id.* at 4.

[59] *Id.*

[60] *Id.* at 5.

[61] *Id.*

[62] *Id.*

[63] *Id.*

**7. Reference to the Recovery of Interest**

Defendants oppose Plaintiffs' request to exclude any reference to the recovery of interest because Defendants assert that this issue should be addressed in a jury instruction.[64]

**8. Mention of Federal Income Tax**

Defendants oppose Plaintiffs request that the Court exclude mention of whether recovery would be subject to taxation.[65] Defendants assert that this issue should be addressed in a jury instruction.[66]

**10. Comment on Adverse Financial Impact of Verdict upon Jurors**

Defendants do not oppose Plaintiffs' request that the Court exclude any comments on the adverse impact of a verdict upon the jurors except to the extent Plaintiffs may appeal to "community conscience" or argue that the jury should "send a message" to Defendants.[67] Defendants assert that if Plaintiffs make such arguments, Defendants should be allowed to respond by showing the impact of such a proposed message.[68]

**11. Mention of Adverse Effects of Judgment on Insurance Premiums**

Defendants do not oppose Plaintiffs' request that the Court exclude any mention of adverse effects of a judgment on insurance premiums except to the extent Plaintiffs may appeal to

---

[64] *Id.* at 6.

[65] *Id.*

[66] *Id.*

[67] *Id.*

[68] *Id.*

"community conscience" or argue that the jury should "send a message" to Defendants.[69] Defendants assert that if Plaintiffs make such arguments, Defendants should be allowed to respond by showing the impact of such a proposed message.[70]

### 12. Comment Suggesting an Adverse Effect of Judgment on Defendants

Defendants do not oppose Plaintiffs' request that the Court exclude any comments suggesting an adverse effect of a judgment on Defendants except to the extent Plaintiffs may appeal to "community conscience" or argue that the jury should "send a message" to Defendants.[71] Defendants assert that if Plaintiffs make such arguments, Defendants should be allowed to respond by showing the impact of such a proposed message.[72]

### 14. Displaying Photographs, Movies, and Videotapes

Defendants oppose Plaintiffs' request that the Court prohibit Defendants from displaying photographs, movies, and videotapes without first tendering such displays to Plaintiffs' counsel for the purpose of permitting any appropriate objection.[73] Defendants assert that Plaintiffs seek "to limit Defendants' right to use or introduce evidence or use demonstrative exhibits to impeach or otherwise, as the Federal Rules of Evidence, the Court's orders, and the governing proposed pre-trial order allow."[74]

---

[69] *Id.* at 7.

[70] *Id.*

[71] *Id.*

[72] *Id.*

[73] *Id.*

[74] *Id.*

### 15.    Mention of Unrelated Injuries or Illness

Defendants assert that Plaintiffs' request that the Court exclude any mention of unrelated and/or unfounded injuries or illnesses of Plaintiffs "is nonsensical."[75] Defendants state that they will not present evidence of any "unrelated" injuries.[76] However, Defendants contend that any medical history and records on Rebecca Logan's low back are relevant to this lawsuit.[77] Defendants assert that the physical therapy to which Plaintiffs object recounts Rebecca Logan's statement relating her family history of "genetically produced 'bad backs'" and explaining her "Siblings and Daddy have had multiple surgeries and injections."[78] Defendants contend that this statement is found in a routine certified medical record that both parties have listed as a trial exhibit.[79] Defendants assert that the physical therapy note is admissible under the business records exception to the hearsay rule.[80] Moreover, Defendants argue that Rebecca Logan's statement in the medical record is explicitly excepted from the rules against hearsay as a statement made for medical diagnosis or treatment.[81] According to Defendants, Plaintiffs' counsel's effort to cast doubt on the accuracy of Rebecca Logan's statement does not render it inadmissible.[82] Instead, Defendants contend the cure for any alleged inaccuracy in Ms. Logan's statement is not exclusion

---

[75] *Id.* at 8.

[76] *Id.*

[77] *Id.*

[78] *Id.*

[79] *Id.*

[80] *Id.* at 9.

[81] *Id.*

[82] *Id.*

but rather Ms. Logan's own testimony.[83]

**17.     Reference to Impeachment Evidence not Given Timely**

Defendants oppose Plaintiffs' request that the Court exclude reference to impeachment evidence that was not disclosed.[84] Defendants state that they will abide by all discovery and disclosure rules.[85] According to Defendants, in *Chiasson v. Zapata Gulf Marine Corp.*, the Fifth Circuit held evidence that was substantive in nature must be disclosed before trial, even if the evidence had impeachment value, but the Fifth Circuit did not establish a uniform rule requiring pretrial disclosure of impeachment evidence.[86] Therefore, Defendants assert that the Court should deny Plaintiffs' request that the Court exclude all impeachment evidence that was not disclosed.[87]

### III. Legal Standard

*A.     Relevancy and Prejudice*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially

---

[83] *Id.*

[84] *Id.* at 10.

[85] *Id.*

[86] *Id.* (citing *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993); *Caskey v. Man Roland, Inc.*, 83 F.3d 418 (5th Cir. 1996)).

[87] *Id.*

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[88] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[89]

## B.    *Hearsay*

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[90] Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise.[91] After a party properly objects to the admission of evidence as hearsay, the proponent of evidence bears the burden to show that statement is not offered as hearsay or falls within an exception to the hearsay rule.[92]

---

[88] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[89] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

[90] Fed. R. Evid. 801(c)(1)–(2). Federal Rule of Evidence 801(d) further provides that opposing party's statements and certain prior statements by declarant-witnesses used to impeach or rebut the witness are not hearsay.

[91] Fed. R. Evid. 802.

[92] *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."); *Loomis v. Starkville Mississippi Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742–43 (N.D. Miss. 2015) ("Once a party has 'properly objected to [evidence] as inadmissible hearsay,' the burden shifts to the proponent of the evidence to show, 'by a preponderance of the evidence, that the evidence [falls] within an exclusion or exception to the hearsay rule and was therefore admissible.'" (citations omitted)); *see also Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015) (Africk, J.); *Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, No. 10-2524, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012).

<u>**IV. Analysis**</u>

Plaintiffs omnibus motion in limine seeks to exclude the introduction of seventeen categories of evidence.[93] Defendants do not oppose Plaintiffs' request that the Court exclude the following categories of evidence: (1) references to the Social Security Administration; (4) references to motions in limine; (5) comment on the financial status of Plaintiffs' attorney; (9) comment on annuities; (13) mention of evidence precluded by the Court; and (16) mention of "Obama Care," Medicare, or other secondary payer programs that Plaintiffs have received, will receive, or will become entitled to receive.[94] Accordingly, Plaintiffs' motion is granted as to these categories of evidence.

Defendants oppose in whole or in part the exclusion of the other categories of evidence at issue in Plaintiffs' omnibus motion in limine.[95] Therefore, the Court will address each category of contested evidence in turn.

### 2.        References to Prior Claims

Plaintiffs seek to exclude any reference to any past claims, lawsuits, or settlements because such evidence is not relevant and any probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.[96] Specifically, Plaintiffs assert that evidence of a petition filed by Rebecca Logan's mother in 1985 and evidence that Rebecca Logan received a nominal settlement for a motor vehicle accident in 2015 should be

---

[93] Rec. Doc. 122.

[94] Rec. Doc. 127.

[95] *Id.*

[96] Rec. Doc. 122 at 1.

excluded.[97] Defendants do not oppose Plaintiffs' request that any evidence regarding the lawsuit filed by Rebecca Logan's mother in 1985 be excluded.[98] However, Defendants note that Rebecca Logan was involved in another motor vehicle accident just seven months before the accident at issue in this case, and she admitted that the earlier motor vehicle accident caused pain in her back, neck, and jaw.[99] Defendants contend that evidence regarding the prior accident will assist the jury in deciding medical causation and assessing credibility.[100]

Evidence regarding the prior 2015 motor-vehicle accident involving Rebecca Logan is relevant to the defense's claim that Rebecca Logan's injuries to her back and neck were caused by the prior accident. Plaintiffs have not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice or misleading the jury as required by Federal Rule of Evidence 403. The Court, however, is not inclined to admit evidence of prior claims simply to show Plaintiffs' purported litigiousness. Plaintiffs may raise this issue again at trial if necessary.

### 3. References to Any Collateral Source

Third, Plaintiffs seek to exclude reference to any collateral source including, but not limited to, insurance benefits, worker's compensation, loans or other financial assistance from counsel.[101] Defendants acknowledge that evidence of collateral source payments is generally inadmissible.[102]

---

[97] *Id.* at 1–2.

[98] Rec. Doc. 127 at 1–2.

[99] *Id.* at 2.

[100] *Id.* at 3.

[101] Rec. Doc. 122 at 2.

[102] Rec. Doc. 127 at 5.

However, Defendants assert that this evidence may be admissible for impeachment purposes, and Defendants oppose the request to exclude collateral source payments on that limited basis.[103]

Evidence of collateral source payments are generally inadmissible. Yet, to the extent that the evidence is being admitted for the purpose of impeachment, the collateral source rule does not apply.[104] Thus, the evidence may be admissible for purposes of impeachment, and may be raised at trial if necessary.

### 6. Information Related to Attorney-Client Privilege

Plaintiffs request that the Court exclude "[a]ny mention of any conversations, contracts, and/or transactions between" Plaintiffs and their attorneys.[105] Defendants state that they will adhere to the rules protecting attorney-client privilege, but they contend without referring to facts or law, Plaintiffs' motion is too broad and vague for the Court to instruct Defendants on what they can or cannot ask Plaintiffs.[106]

In a diversity case, state law provides the applicable law of attorney-client privilege.[107] Louisiana Code of Evidence article 506(B) provides that "[a] client has a privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client." "The purpose of the privilege is to encourage the client to confide fully in

---

[103] *Id.*

[104] *Bonck v. Cajun Operating Co.*, No. 17-3814, 2018 WL 7199630, at *2 (E.D. La. Dec. 19, 2018) (Lemmon, J. (citing *Landry v. Haye*, 2015 WL 13037311, at *3 (W.D. La. Mar. 24, 2015); *Turcich v. Baker*, 594 So. 2d 505, 508 (La. Ct. App. 1992)).

[105] Rec. Doc. 122 at 2.

[106] Rec. Doc. 127 at 5.

[107] *Exxon Mobil Corp. v. Hill*, 751 F.3d 379, 381 (5th Cir. 2014).

his counsel without fear that his disclosures could be used against him by his adversaries."[108] "The party seeking to assert the attorney-client privilege has the burden of proving that the privilege is applicable."[109] Plaintiffs' motion requests that the Court exclude "[a]ny mention of any conversations, contracts, and/or transactions between" Plaintiffs and their attorneys.[110] This request is too vague for the Court to determine whether attorney-client privilege would apply. Accordingly, the Court denies Plaintiffs' request at this time. Plaintiffs may raise this issue again at trial if necessary.

### 7. Reference to the Recovery of Interest

Plaintiffs move the Court to exclude any reference to the fact that Plaintiffs will be able to recover judicial interest on any damages that may be awarded.[111] Defendants state that they "oppose this motion in limine, assuming the Court will address this issue in its jury instructions."[112] However, the proposed jury instructions submitted by Defendants do not discuss judicial interest,[113] and the Fifth Circuit Pattern Jury Instructions do not recommend any instruction on judicial interest. Therefore, because Defendants only oppose on that limited basis, the Court excludes any references to the recovery of interest.

### 8. Mention of Federal Income Tax

Plaintiffs seek to exclude any mention of whether recovery either would or would not be

---

[108] *Bridlington Co., L.L.C. v. S. Disposal Servs., L.L.C.*, 51,138 (La. App. 2 Cir. 2/15/17); 216 So. 3d 219, 223 (internal citations omitted).

[109] *Id.*

[110] Rec. Doc. 122 at 2.

[111] *Id.* at 3.

[112] Rec. Doc. 127 at 6.

[113] Rec. Doc. 138.

subject to federal income taxation or any other form of taxation.[114] Defendants assert that this issue should be addressed in a jury instruction.[115]

Section 18.1 of the Louisiana Civil Law Jury Instructions provides:

Also, any amount which you might award to the plaintiff is not income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes. In other words, if you find that the plaintiff is entitled to damages, the amount which you award should be the sum that you think will fully and fairly compensate the plaintiff for his injuries, without regard to what he may pay his attorney or the amount that you might think would be paid in income taxes.[116]

Defendants request that this instruction be provided to the jury,[117] and it is a correct statement of the law. Accordingly, Plaintiffs' request that the Court exclude mention of whether recovery would be subject to taxation is denied.

**10.    Comment on Adverse Financial Impact of Verdict upon Jurors;**
**11.    Mention of Adverse Effects of Judgment on Insurance Premiums;**
**12.    Comment Suggesting an Adverse Effect of Judgment on Defendants**

Plaintiffs request that the Court exclude: (10) any comments suggesting an adverse financial impact of a verdict upon the jurors;[118] (11) any mention of adverse effects of a judgment on insurance premiums;[119] and (12) any comment suggesting an adverse effect of a judgment on Defendants.[120] Defendants do not oppose these requests except to the extent Plaintiffs may appeal

---

[114] Rec. Doc. 122 at 3.

[115] Rec. Doc. 127 at 6.

[116] H. Alston Johnson, 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:1 (3d ed.).

[117] Rec. Doc. 138 at 46.

[118] Rec. Doc. 122 at 3.

[119] *Id.*

[120] *Id.*

to "community conscience" or argue that the jury should "send a message" to Defendants.[121] Defendants assert that if Plaintiffs make such arguments, Defendants should be allowed to respond by showing the impact of such a proposed message.[122] The Court will not allow either side to present comments and arguments aimed at impassioning and inflaming the jury. Accordingly, the Court excludes any such comment or argument as it is not relevant and would serve only to mislead the jury.

### 14. Displaying Photographs, Movies, and Videotapes

Plaintiffs move the Court to prohibit Defendants from displaying photographs, movies, and videotapes without first tendering such displays to Plaintiffs' counsel for the purpose of permitting any appropriate objection.[123] Defendants oppose Plaintiffs' request, arguing that Plaintiffs seek "to limit Defendants' right to use or introduce evidence or use demonstrative exhibits to impeach or otherwise, as the Federal Rules of Evidence, the Court's orders, and the governing proposed pre-trial order allow."[124] Pursuant to Rule 103(d) of the Federal Rules of Evidence, "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." To facilitate this objective and allow for an orderly presentation of the evidence, the Court does not admit exhibits *in globo*. The parties must offer, file, and introduce evidence through the appropriate witness or procedure. Therefore, before displaying any exhibit for the jury, the attorneys should show the proposed exhibit to opposing counsel to allow opposing

---

[121] Rec. Doc. 127 at 6–7.

[122] *Id.*

[123] Rec. Doc. 122 at 4.

[124] Rec. Doc. 127 at 7.

counsel the opportunity to make an appropriate objection if necessary. Further, the parties were to list and identify exhibits in the Pretrial Order unless used solely for impeachment.

### 15.    Mention of Unrelated Injuries or Illness

Plaintiffs move the Court to exclude any mention of Plaintiffs' unrelated and/or unfounded injuries or illnesses "unless it can be shown that such unrelated injuries or illnesses have some relevance to any issue to be decided by this jury."[125] Plaintiffs note that Defendants have argued that Rebecca Logan's low back injuries are a genetic condition. based on one note in Rebecca Logan's physical therapy records referencing a "genetically produced bad back."[126] Plaintiffs argue that the Court should not allow Defendants to prejudice the jury by proposing that Rebecca Logan's injuries are genetic without verifiable medical evidence.[127] In opposition, Defendants state that they will not present evidence of any "unrelated" injuries.[128] However, Defendants assert that the physical therapy note is both relevant and admissible under the business records exception to the hearsay rule.[129] Moreover, Defendants argue that Rebecca Logan's statement within the physical therapy note regarding "genetically produced bad backs" is excepted from the rules against hearsay as a statement made for medical diagnosis or treatment.[130]

Testimony regarding out of court statements, when offered for the truth of the matter

---

[125] Rec. Doc. 122 at 4.

[126] *Id.*

[127] *Id.*

[128] Rec. Doc. 127 at 8.

[129] *Id.* at 8–9.

[130] *Id.*

asserted, is hearsay[131] and is ordinarily inadmissible.[132] Here, the statement regarding "genetically produced bad backs" within the physical therapy note constitutes hearsay within hearsay if offered for the truth of the matter asserted because they are out of court statements by another individual (*i.e.* the physical therapist) regarding statements made by another individual (*i.e.* Rebecca Logan).[133] Thus, to be admissible, Defendants needed to show that both levels of hearsay fall within an exception to the hearsay rule.[134]

Medical records are routinely admitted as evidence under the business records exception to the hearsay rule.[135] Therefore, the physical therapy note is admissible if it was kept in the course of regularly conducted business activity. Rebecca Logan's statement found within the note is also admissible. Pursuant to Federal Rule of Evidence 803(4), a statement that "is made for—and is reasonably pertinent to—medical diagnosis or treatment; and describes medical history; past or present symptoms or sensations; their inception; or their general cause" is excluded from the rule against hearsay. To the extent Plaintiffs argue that the statement is inaccurate, they may question Rebecca Logan about the accuracy at trial. Accordingly, the Court denies the motion to exclude the statement contained in the physical therapy note. Evidence of any "unrelated" injuries is excluded as the parties concede such evidence is not relevant.

---

[131] *See* Fed. R. Evid. 801(c)(1)–(2).

[132] *See* Fed. R. Evid. 802.

[133] *See* Fed. R. Evid. 805.

[134] *Id.*; *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 280 (5th Cir. 1991) ("To be admissible, both levels of hearsay must come within exceptions to the hearsay rule.").

[135] *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991) ("Rule 803(6) provides a hearsay exception for records kept in the course of any regularly conducted business activity, which would include hospitals.").

### 17. Reference to Impeachment Evidence not Given Timely

Plaintiffs request that the Court exclude any references or evidence to impeachment evidence that was not shared with Plaintiffs prior to trial.[136] Defendants oppose Plaintiffs' request because they assert impeachment evidence must only be disclosed if it is also substantive.[137]

"Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact."[138] "Impeachment evidence, on the other hand, is that which is offered to discredit a witness . . . to reduce the effectiveness of [the] testimony by bringing forth evidence which explains why the jury should not put faith in [the] testimony.'"[139] The Fifth Circuit "has made clear that some evidence serves both substantive and impeachment functions and thus should not be treated as 'solely' impeachment evidence."[140] Evidence that serves both substantive and impeachment functions must be disclosed before trial under Federal Rule of Civil Procedure 26(a)(1).[141]

Pursuant to the Pre-Trial Notice issued in this case, "[i]f a party considers he has good cause not to disclose exhibits to be used solely for the purpose of impeachment, he may *ex parte* request a conference with the Court and make his position known to the Court in camera."[142] At present, the Court cannot rule on the admissibility of any impeachment evidence that was not

---

[136] Rec. Doc. 122 at 6.

[137] Rec. Doc. 127 at 10.

[138] *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993).

[139] *Id.* (internal citations and quotation marks omitted).

[140] *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 204 (5th Cir. 2016) (citing *Chiasson*, 988 F.2d at 517).

[141] *Id.* at 205.

[142] Rec. Doc. 59-1 at 5.

disclosed. Accordingly, the Court denies Plaintiffs' request, and it may be re-urged at trial if necessary.

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiffs Rebecca Logan and Derek Logan's "Second Motion in Limine"[143] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion is granted in part to the extent it seeks to exclude: (1) references to the Social Security Administration; (2) references to the 1985 lawsuit filed by Rebecca Logan's mother; (4) references to motions in limine; (5) comment on the financial status of Plaintiffs' attorney; (7) references to the recovery of interest; (9) comment on annuities; (10) any comments suggesting an adverse financial impact of a verdict upon the jurors;[144] (11) any mention of adverse effects of a judgment on insurance premiums;[145] (12) any comment suggesting an adverse effect of a judgment on Defendants (13) mention of evidence precluded by the Court; (14) Defendants from displaying photographs, movies, and videotapes without first tendering such displays to Plaintiffs' counsel for the purpose of permitting any appropriate objection; (15) any mention of "unrelated" injuries or illness; and (16) mention of "Obama Care," Medicare, or other secondary payer programs that Plaintiffs have received, will receive, or will become entitled to receive.

---

[143] Rec. Doc. 120.

[144] Rec. Doc. 122 at 3.

[145] *Id.*

**IT IS FURTHER ORDERED** that Plaintiffs' motion is denied in part to the extent that it seeks to exclude: (2) evidence regarding the prior 2015 motor-vehicle accident involving Rebecca Logan to the extent such evidence is relevant to the defense's claim that Rebecca Logan's injuries to her back and neck were caused by the prior accident; (3) references to any collateral source as such evidence may be admissible for impeachment purposes; (6) any mention of any conversations, contracts, and/or transactions between Plaintiffs and their attorneys not covered by attorney-client privilege; (8) mention of whether recovery either would or would not be subject to federal income taxation or any other form of taxation; (15) the physical therapy note regarding "genetically produced bad backs"; and (17) reference to impeachment evidence not previously disclosed.

**NEW ORLEANS, LOUISIANA**, this ___23rd___ day of January, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**