**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **REBECCA LOGAN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-29** |
| **WESTFIELD INSURANCE COMPANY, et al.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Plaintiffs Rebecca Logan and Derek Logan (collectively, "Plaintiffs") bring negligence claims against Defendants Cory Smothers ("Smothers"), Foundation Xpress LLC ("Foundation Xpress"), and Westfield Insurance Company ("Westfield Insurance") (collectively, "Defendants") for injuries allegedly sustained in an automobile accident.[1] Before the Court is Defendants' "Motion in Limine #1 to Exclude Plaintiff Rebecca Logan's Treating Physicians from Offering Expert Causation Testimony."[2] In the instant motion, Defendants move to exclude any of Plaintiff Rebecca Logan's treating physicians from providing expert testimony concerning the cause of Rebecca Logan's alleged injuries.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the instant motion.

### I. Background

On October 25, 2016, Plaintiffs filed a petition for damages against Defendants in the 16th

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 82.

[3] *Id.*

1

Judicial District Court for the Parish of Lafayette.[4] The petition arises from a two-vehicle collision at the intersection of Bertrand Drive and East Devalcourt in Lafayette, Louisiana.[5] According to the petition, on October 30, 2015, Rebecca Logan was driving her vehicle northward on Bertrand Drive.[6] Thereafter, Smothers, driving a 2012 Freightline Cascadia southward on Bertrand Drive, allegedly attempted a left turn and subsequently collided into Rebecca Logan's automobile.[7]

Rebecca Logan brings a negligence claim against Smothers and Foundation Xpress, who allegedly both owns the 2012 Freightline Cascadia and employs Smothers.[8] Plaintiffs also bring claims against Westfield Insurance, who allegedly insured the Freightline Cascadia operated by Smothers.[9] Rebecca Logan contends that she suffered physical pain, mental pain, and other injuries due to the automobile accident.[10] Derek Logan contends that he suffered the loss of services and consortium of Rebecca Logan.[11]

On January 10, 2017, Defendants removed this case to the Western District of Lafayette, asserting diversity jurisdiction under 28 U.S.C. § 1332.[12] The case was initially assigned to United States District Judge Rebecca F. Doherty, and scheduled for trial on May 7, 2018.[13] However,

---

[4] Rec. Doc. 1-1.

[5] *Id.* at 1.

[6] *Id.*

[7] *Id.* at 1–2.

[8] *Id.* at 4.

[9] *Id.*

[10] *Id.* at 2.

[11] *Id.* at 3.

[12] Rec. Doc. 1.

[13] Rec. Doc. 10.

following the retirement of the presiding district judge, the trial date was continued on several occasions.[14] On July 26, 2018, the case was reassigned to Chief Judge Nannette Jolivette Brown, and set for trial on August 19, 2019.[15]

On June 25, 2019, Defendants filed the instant motion in limine requesting Rebecca Logan's treating physicians be excluded from offering medical causation testimony because Plaintiffs did not comply with Federal Rule of Civil Procedure 26's disclosure requirement for expert testimony.[16]

On July 15, 2019, Plaintiffs filed a Motion to Continue the Trial Date and Extend All Deadlines.[17] In the motion to continue, Plaintiffs asserted that a continuance of the August 19, 2019 trial date was necessary because Plaintiff Rebecca Logan was receiving ongoing medical care for her back, neck, and knee, and had just received a surgical recommendation for her back and knee.[18]

On July 16, 2019, Plaintiffs filed an opposition to the instant motion in limine.[19] Plaintiffs attached a document titled "Plaintiffs' Expert Witness List" to the opposition.[20] Plaintiffs' Expert Witness List identifies Plaintiffs' treating physicians Dr. John Martin, Dr. F. Michael Hindelang, Dr. James Godchaux, Dr. Denny Dartez, Megan Begnaud, D.C., Dr. David Muldowny, Patricia

---

[14] Rec. Docs. 49, 53.

[15] The case was originally set for trial before Chief Judge Brown on May 13, 2019. Rec. Docs. 49, 53. The trial date was reset to August 19, 2019 due to a conflict in the Court's calendar. Rec. Docs. 57, 59.

[16] Rec. Doc. 82.

[17] Rec. Doc. 86.

[18] *Id.* at 1.

[19] Rec. Doc. 87.

[20] Rec. Doc. 87-7.

Boulet, PT, Jason M. Guidry, LOTR, and Dr. Lon Baronne, II as expert witnesses.[21] The document outlines proposed topics of testimony of each treating physician, and states that each of the treating physicians will testify as to "medical causation and to what extent, *if any*, the accident sued upon impacted and/or caused Rebecca Logan's complained-of medical conditions and symptoms" (emphasis added).[22] Importantly, it does not articulate any particular facts supporting any opinion on causation.

On July 22, 2019, the Court granted Plaintiffs' motion to continue trial.[23] In granting the continuance, the Court relied on Plaintiffs' representation that Plaintiff Rebecca Logan had not reached maximum medical improvement with respect to her neck surgery, and that her doctors had recently recommended surgeries for her knee and back.[24] The Court was under the impression that Ms. Logan intended to undergo these additional surgeries to attempt to reach maximum medical improvement. The Court found that a brief continuance was appropriate to allow Plaintiffs to obtain the recommended medical treatment, updated medical reports and updated documentation on future medical plans.[25] Therefore, the Court continued the trial date and pretrial conference date, but stated that all other deadlines set forth in the Court's Scheduling Order would remain in effect.[26] However, the Court stated that the parties could move to extend a specific deadline upon a showing of good cause.[27]

---

[21] *Id.* at 2–4.

[22] *Id.*

[23] Rec. Doc. 95.

[24] *Id.* at 2.

[25] *Id.*

[26] *Id.* at 3.

[27] *Id.*

On July 26, 2019, with leave of Court, Defendants filed a reply brief in further support of the instant motion in limine.[28]

## II. Parties' Arguments

### A. Defendants' Arguments in Support of the Motion

Defendants provide three principal arguments in support of the instant motion.[29] First, Defendants argue that Plaintiffs did not comply with Federal Rule of Civil Procedure 26's disclosure requirement for expert testimony.[30] Defendants contend that Rule 26 provides two methods "by which parties may preserve their right to offer expert testimony, like medical causation, through treating physicians."[31] Defendants contend those two methods are (1) providing formal expert reports pursuant to Rule 26(a)(2)(B) or (2) providing summary disclosures pursuant to Rule 26(a)(2)(C).[32]

Defendants claim that Plaintiffs failed to provide formal expert reports for their treating physicians under 26(a)(2)(B).[33] Defendants also claim that Plaintiffs failed to provide summary disclosures of their treating physicians' expert testimony under Rule 26(a)(2)(C).[34] According to Defendants, "apart from listing idly some treating physicians in their (i) Rule 26(f) Report . . . and later in the (ii) treating physician disclosure section of the parties' joint Phase II Report . . .

---

[28] Rec. Doc. 103.

[29] Rec. Doc. 82-1.

[30] *Id.* at 4.

[31] *Id.*

[32] *Id.*

[33] *Id.* at 4–5.

[34] *Id.* at 5.

5

plaintiffs made no effort to comply with [Rule] 26(a)(2)(C)."[35] Defendants claim that Plaintiffs

failed to comply with Rule 26(a)(2)(B) and Rule 26(a)(2)(C) despite Defendants explicitly

requesting expert reports and/or summary disclosures concerning Plaintiffs' treating physicians.[36]

Second, Defendants argue that Plaintiffs' failure to provide Rule 26(a)(2) disclosures is not

"substantially justified or harmless."[37] Defendants point out that the Fifth Circuit analyzes four

factors when deciding whether a failure to provide Rule 26(a)(2) disclosures is substantially

justified or harmless: (1) the explanation for the failure to identify the witness; (2) the importance

of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a

continuance to cure such prejudice.[38]

Defendants analyze each factor in turn.[39] Considering the first factor, Defendants argue that

Plaintiffs do not have any reasonable excuse for not making the required disclosures because the

trial date was rescheduled several times.[40] Defendants contend "[n]ever during those earlier trial

date settings did [P]laintiffs provide their required [Rule] 26(a)(2)(C) disclosures."[41] Regarding

the second factor, Defendants argue that the treating physicians' testimony cannot be too

important if Plaintiffs consistently failed to provide mandatory summary disclosures under Rule

26(a)(2)(C).[42] Next, with respect to the third factor, Defendants contend "[i]t would be unfairly

---

[35] *Id.* at 6.

[36] *Id.* at 6–7.

[37] *Id.* at 9.

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.* at 9–10.

[42] *Id.* at 11.

prejudicial to allow these treating physicians to offer previously undisclosed expert causation opinions" because Defendants do not know the "expert opinions on causation Ms. Logan's treating physicians may hold."[43] Moreover, concerning the fourth factor, Defendants argue that they will be prejudiced by another continuance due to "significant amounts of attorney's fees and expert fees preparing for the current trial date."[44]

Finally, Defendants argue that "in the wake of plaintiffs' inexplicable and inexcusable failure to follow either [Rule] 26(a)(2)(B) or Rule 26(a)(2)(C), any purported trial testimony by Ms. Logan's treating physicians must be limited to lay testimony."[45] As support, Defendants cite several cases in the Eastern District of Louisiana in which treating physicians were limited to lay testimony concerning their care and treatment of the plaintiff.[46]

### B.    *Plaintiffs' Arguments in Opposition to the Motion*

Plaintiffs make three principal arguments in opposition to the instant motion.[47] First, Plaintiffs argue that Rule 26(a)(2)(B) does not require formal expert reports for treating physicians.[48] Plaintiffs argue that Rule 26(a)(2)(B) requires a formal expert report only "if the [expert] witness is one retained or specially employed."[49] Plaintiffs claim that their treating physicians are not specially employed in this case.[50]

---

[43] *Id.* (internal quotation marks omitted).

[44] *Id.* at 12.

[45] *Id.* at 7.

[46] *Id.* at 7–8.

[47] Rec. Doc. 87.

[48] *Id.* at 5.

[49] *Id.*

[50] *Id.* at 5–6.

Second, Plaintiffs claim that Rule 26(a)(2)(C) "addresses the disclosure of expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness."[51] Plaintiffs also claim that Rule 26(a)(2)(C)'s disclosure requirement "is considerably less extensive than the report required by Rule 26(a)(2)(B) and [c]ourts must take care against requiring undue detail."[52] Plaintiffs argue that their treating physicians' "treatment reports and depositions" satisfied Rule 26(a)(2)(C)'s disclosure requirement.[53] Defendants allegedly deposed Rebecca Logan's treating anesthesiologist and pain management doctor, Dr. John Martin, on the issues of medical causation, injuries, and future medical treatment.[54]

Finally, Plaintiffs argue that Defendant will not be prejudiced if Plaintiffs' treating physicians testify about medical causation because the physicians were deposed.[55] On the other hand, Plaintiffs allegedly will suffer "fatal prejudice" if their treating physicians cannot testify about medical causation because the treating physicians are "most informed on [Rebecca Logan's] condition."[56]

## C.   *Defendants' Reply to Plaintiffs' Opposition*

Defendants make three principal arguments in further support of the instant motion.[57] First, Defendants argue that "deposition testimony does *not* satisfy the requirements of Rule

---

[51] *Id.* at 6.

[52] *Id.* at 7 (internal quotation marks and citations omitted).

[53] *Id.* at 6.

[54] *Id.* at 5.

[55] *Id.* at 10.

[56] *Id.*

[57] Rec. Doc. 103.

26(a)(2)(C)."[58] Nevertheless, Defendants argue that Dr. John Martin is Rebecca Logan's pain doctor—not an orthopedic surgeon, orthopedist, or radiologist.[59] Moreover, even if Dr. John Martin's deposition testimony sufficed under Rule 26(a)(2)(C), Defendants argue that his deposition "cannot speak for the other *seven* physicians whom plaintiffs plan to call at trial."[60]

Second, Defendants argue that "[d]isclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)"[61] Yet, even assuming medical records satisfied Rule 26(a)(2)(C)'s disclosure requirements, Defendants argue that Rebecca Logan's "medical records do not contain any *causation* opinions or expert analyses."[62]

Finally, Defendants argue that Plaintiffs do not address the "prejudice" factors when analyzing whether Plaintiffs' failure to comply with Rule 26(a)(2) was substantially justified or harmless.[63] Defendants contend the basic purpose of Rule 26 is to prevent prejudice and surprise.[64] Defendants claim that allowing Rebecca Logan's "treating physicians to offer expert causation testimony at trial, without [P]laintiffs' first providing timely summaries of such expected testimony under Rule 26 . . . would unquestionably prejudice defendants."[65] Defendants also claim that the "prejudice is particularly heightened because [D]efendants expressly asked

---

[58] *Id.* at 4.

[59] *Id.* at 3.

[60] *Id.* at 4.

[61] *Id.* at 5 (internal citations omitted).

[62] *Id.*

[63] *Id.* at 7.

[64] *Id.*

[65] *Id.*

[P]laintiffs to make the required disclosures."[66]

## III. Legal Standard

### A. *Lay Opinion and Expert Opinion Testimony*

The Federal Rules of Evidence divide opinion testimony into two categories: lay opinion and expert opinion testimony. Pursuant to Federal Rule of Evidence 701, when a witness is not testifying as an expert, testimony in the form of an opinion is limited to an opinion that is:

> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[67]

Pursuant to Federal Rule of Evidence 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[68]

### B. *Disclosure of Expert Testimony Pursuant to Federal Rule of Civil Procedure 26*

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. Pursuant to Rule 26(a)(2)(B), experts retained specifically for litigation must provide formal expert reports.[69]

Before the 2010 amendments to the Federal Rules of Civil Procedure, non-retained experts were

---

[66] *Id.*

[67] Fed. R. Evid. 701.

[68] Fed. R. Evid. 702.

[69] Fed. R. Civ. P. 26(a)(2)(B).

exempt from Rule 26's disclosure requirements under certain circumstances.[70] Following the 2010 amendments, however, a non-retained expert is "subject to a separate, less stringent disclosure regime than their retained counterparts" under Rule 26(a)(2)(C).[71] "Rule 26(a)(2)(C) addresses the disclosure of expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness."[72] A Rule 26(a)(2)(C) witness's expert opinion "must be based on facts or data obtained or observed in the course of the sequence of events giving rise to the litigation."[73] A reason for requiring less stringent disclosures for non-retained experts is that "these witnesses have not been specially retained and may not be as responsive to counsel as those who have."[74]

Rule 26(a)(2)(C) requires the party submitting a non-retained expert's testimony to provide a summary disclosure that states "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and (ii) a summary of the facts and opinions to which the witness is expected to testify."[75] These disclosures must be made in accordance with the deadlines set in the Court's Orders, or, absent a stipulation or a court order, at least 90 days before trial or within 30 days of the other parties' disclosure when offered solely

---

[70] *Sheppard v. Liberty Mutual Ins. Co.*, No. 16-2401, 2017 WL 467092, at *1 (E.D. La. Feb. 2, 2017) (Vance, J.).

[71] *Id. See also Causey v. State Farm Mut. Auto. Ins. Co.*, No. CV 16-9660, 2018 WL 2234749, at *1 (E.D. La. May 16, 2018) (Africk, J.) "[T]reating physicians fall under the limited disclosure requirement" of Rule 26(a)(2)(C). *Id.*

[72] *LaShip, L.L.C. v. Hayward Baker, Inc.*, 680 F. App'x 317, 324 (5th Cir. 2017).

[73] *Laship, L.L.C. v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013) (Brown, J.), *aff'd* 680 F. App'x at 317.

[74] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes ("This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement.").

[75] Fed. R. Civ. P. 26(a)(2)(C).

to rebut or contradict such evidence.[76]

The Advisory Committee Notes to the 2010 amendments make clear that a treating physician may be called as non-retained expert, and any expert opinion that a treating physician provides will be subject to the disclosure requirements of Rule 26(a)(2)(C).[77] The Rule 26(a)(2)(C) "disclosure obligation does not include facts unrelated to the expert opinions the witness will present."[78] Therefore, only proposed expert testimony must be disclosed under Rule 26(a)(2)(C), and a treating physician may testify as a fact witness without making such a disclosure.

## C.   *Sanctions Pursuant to Rule 37*

Federal Rule of Civil Procedure 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."[79] The Fifth Circuit has provided four factors to analyze when determining whether a Rule 26 violation is substantially justified or harmless: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[80]

---

[76] Fed. R. Civ. P. 26(a)(2)(D).

[77] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).").

[78] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes.

[79] Fed. R. Civ. P. 37(c)(1).

[80] *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v.*

# IV. Law and Analysis

## A.  Whether the Proposed Causation Testimony is Lay Opinion or Expert Opinion Testimony

In the instant motion, Defendants move to exclude any of Plaintiff Rebecca Logan's treating physicians from providing expert testimony concerning the cause of Rebecca Logan's alleged injuries.[81] In opposition, Plaintiffs do not dispute that the proposed causation testimony is properly considered expert opinion testimony under Federal Rule of Evidence 702.[82] Indeed, "testimony as to causation or as to future medical treatment has been considered the province of expert testimony."[83] Although lay witnesses may offer opinions, lay witnesses may not testify concerning any opinions "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[84] A leading treatise illustrates the distinction between a treating physician's lay and expert opinions:

> When the physician testifies that the plaintiff was coughing and running a fever, this is lay witness testimony governed by Rule 701. However, if the physician also testifies that he diagnosed the patient as having Reactive Airways Dysfunction Syndrome caused by exposure to a toxic chemical, then this is testimony based on scientific, technical, or other specialized knowledge and must be qualified under Rule 702.4.[85]

Here, approximately seven months before the October 2015 automobile accident at issue,

---

*MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

[81] Rec. Doc. 87.

[82] Rec. Doc. 103.

[83] *Rea v. Wisconsin Coach Lines, Inc.*, No. 12-1252, 2014 WL 4981803, at *2 (E.D. La. Oct. 3, 2014) (Duval, J.); *see also Sheppard*, 2017 WL 467092, at *2 ("[T]reating physicians who did not provide either a report or disclosure under Rule 26 are limited to lay testimony, and may not testify regarding the diagnosis or causation of [the plaintiff's] alleged illnesses.").

[84] Fed. R. Evid. 701.

[85] S. Saltzburg, M. Martin, D. Capra, Federal Rules of Evidence Manual § 701.02[7], at 701–17 (9th ed. 2006).

Rebecca Logan admitted that she endured injuries from a separate automobile accident in March 2015.[86] To opine on what accident caused Rebecca Logan's alleged injuries at trial in this Court, a person would necessarily require "scientific, technical, and specialized knowledge far beyond the ordinary experience of lay persons."[87] Therefore, the proposed testimony on causation is expert opinion testimony and subject to the disclosure requirements of Federal Rule of Civil Procedure 26.

### B.    *Whether Plaintiffs Satisfied Rule 26's Disclosure Requirements*

Rule 26 requires litigants to disclose expert testimony. Defendants acknowledge that Plaintiffs can disclose their treating physicians' expert testimony pursuant to either Rule 26(a)(2)(B) or Rule 26(a)(2)(C).[88] Rule 26(a)(2)(B) requires experts retained specifically for litigation to provide a formal expert report.[89] Plaintiffs do not argue that they provided a formal expert report for any treating physician under Rule 26(a)(2)(B).[90] Instead, Plaintiffs contend that they properly disclosed their treating physicians' expert testimony pursuant to Rule 26(a)(2)(C).[91] Therefore, the Court will analyze whether Plaintiffs have satisfied Rule 26(a)(2)(C)'s disclosure requirements.

Defendants argue that Plaintiffs did not provide timely summary disclosures for their

---

[86] Rec. Doc. 82-3 at 27–30.

[87] Fed. R. Evid. 701; *see also* Rea, 2014 WL 4981803, at *2; see also Sheppard, 2017 WL 467092, at *2 ("[T]reating physicians who did not provide either a report or disclosure under Rule 26 are limited to lay testimony, and may not testify regarding the diagnosis or causation of [the plaintiff's] alleged illnesses.").

[88] Rec. Doc. 82-1 at 4.

[89] Fed. R. Civ. P. 26(a)(2)(B).

[90] *See* Rec. Doc. 87 at 5–7.

[91] *Id.* at 6.

treating physicians' expert testimony as required under Rule 26(a)(2)(C).[92] Plaintiffs respond that providing the treating physicians' "treatment reports and depositions" satisfied Rule 26(a)(2)(C)'s disclosure requirement.[93]

Rule 26(a)(2)(C) requires the disclosure of non-retained experts to state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."[94] The Fifth Circuit has not addressed Rule 26(a)(2)(C)'s disclosure requirements often because Rule 26(a)(2)(C) was added to Rule 26 in 2010. Yet federal district courts in the Fifth Circuit have analyzed Rule 26(a)(2)(C)'s requirements in several cases since 2010. For instance, in *Rodgers v. Hopkins Enterprises of Ms., LLC*, another section in the Eastern District of Louisiana held that a party's Rule 26(a)(2)(C) disclosures were "plainly inadequate" when stating the doctor at issue "may testify as to all aspects of the medical evaluation and treatment of [the plaintiff], as well as any future treatment."[95] The district court reasoned that such "short and vague statements" do not sufficiently constitute a "summary [of] the facts and opinions to which the witness is expected to testify."[96] Furthermore, due to the "plainly inadequate" summary disclosure, the plaintiff argued that she effectively disclosed her doctor's expert opinions when providing defendants with her medical records.[97] The district court rejected the plaintiff's

---

[92] Rec. Doc. 82-1 at 4.

[93] Rec. Doc. 87 at 6.

[94] Fed. R. Civ. P. 26(a)(2)(C).

[95] *Rodgers v. Hopkins Enterprises of Ms.*, LLC, No. CV 17-6305, 2018 WL 3104288, at *2 (E.D. La. June 21, 2018) (Vance, J.)

[96] *Id.*

[97] *Id.*

argument and held that "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)."[98]

Here, Plaintiffs did not timely provide a "summary of the facts and opinions" to which the treating physicians are expected to testify as required under Rule 26(a)(2)(C). Instead, Plaintiffs initially only provided Defendants with a list of their treating physicians' addresses, which is less informative than the inadequate "short and vague" statements in *Rodgers*.[99] Plaintiffs turned over medical records produced by their treating physicians, but "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)."[100] Although courts "must take care against requiring undue detail" in Rule 26(a)(2)(C) disclosures, a "summary disclosure should at the very least [be] an abstract, abridgement, or compendium of the opinion and facts supporting the opinion."[101] Put another way, Rule 26(a)(2)(C) does not require a comprehensive disclosure, but "it does require disclosure in at least *some* form."[102] Initially, Plaintiffs did not offer any summary disclosures and instead elected to provide only the names and addresses of their treating physicians.[103] Accordingly, Plaintiffs did not provide timely

---

[98] *Id.* (quoting *Hooks v. Nationwide Hous. Sys.*, LLC, No. 15-729, 2016 WL 3667134, at *5 (E.D. La. July 11, 2016) (Barbier, J.))

[99] Rec. Doc. 82-5; Rec. Doc. 82-6.

[100] *See Hooks*, 2016 WL 3667134, at *3; *see also Rodgers*, 2018 WL 3104288, at *2; *Causey*, 2018 WL 2234749, at *2; *Sheppard*, 2017 WL 467092, at *2; *Knighton v. Lawrence*, No. 14-718, 2016 WL 4250484, at *2 (W.D. Tex. Aug. 9, 2016) ("[Under Rule 26(a)(2)(C),] it does not suffice to reference large bodies of material sources of facts without stating a brief account of the main points from those large bodies on which the expert relies.").

[101] *Rea v. Wisconsin Coach Lines, Inc.*, No. CIV.A. 12-1252, 2014 WL 4981803, at *5 (E.D. La. Oct. 3, 2014) (Duval, J.) (internal quotation marks and citations omitted)

[102] *Causey*, 2018 WL 2234749, at *2.

[103] Rec. Doc. 82-5; Rec. Doc. 82-6. Plaintiffs also argue that their treating physicians' depositions satisfied Rule 26(a)(2)(C). It does not appear that Defendants received an opportunity to depose all of the treating physicians listed in the Rule 26(f) report. Nevertheless, for similar reasons stated above, "[t]his is simply not a fair substitute for the summary required by Rule 26." *Retractable Techs., Inc. v. Becton, Dickinson &*

Rule 26(a)(2)(C) disclosures for their treating physicians.

Plaintiffs attached a document titled "Plaintiffs' Expert Witness List" to the opposition to the instant motion prior to requesting and receiving a trial continuance.[104] The document is dated July 16, 2019, and identifies Plaintiffs' treating physicians Dr. John Martin, Dr. F. Michael Hindelang, Dr. James Godchaux, Dr. Denny Dartez, Megan Begnaud, D.C., Dr. David Muldowny, Patricia Boulet, PT, Jason M. Guidry, LOTR, and Dr. Lon Baronne, II as expert witnesses.[105] The document also identifies each treating physician's area of practice, and states that each of the treating physicians will testify as to "medical causation and to what extent, if any, the accident sued upon impacted and/or caused Rebecca Logan's complained-of medical conditions and symptoms."[106]

Pursuant to Rule 26(a)(2)(C), a summary disclosure must state the subject matter on which the witness is expected to testify *and* provide a summary of the facts and opinions to which the witness is expected to testify.[107] The Advisory Committee Notes to Rule 26(a)(2)(C) state "Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."[108] Here, the Expert Witness List falls woefully short because it provides absolutely no detail about the causation opinions the treating physicians will provide nor does it summarize any facts upon which the

---

*Co.*, No. 2:08-CV-16-LED-RSP, 2013 WL 4776189, at *2 (E.D. Tex. Sept. 6, 2013).

[104] Rec. Doc. 87-7.

[105] *Id.* at 2–4.

[106] *Id.*

[107] Fed. R. Civ. P. 26(a)(2)(C).

[108] Fed. R. Civ. P. 26, 2010 Advisory Committee Notes.

treating physician will testify. Therefore, even Plaintiffs' untimely Expert Witness List does not meet the summary disclosure requirements set forth in Rule 26(a)(2)(C) because it does not provide a summary of the facts and opinions to which the witnesses are expected to testify.

Several days after Plaintiffs filed the Expert Witness List, the Court granted Plaintiffs' motion to continue trial.[109] The Court granted the motion to continue based on other grounds, namely that Plaintiff Rebecca Logan allegedly had not reached maximum medical improvement with respect to her neck surgery and her doctors had recently recommended surgeries for her knee and back.[110] The Court was under the impression that Ms. Logan intended to undergo these additional surgeries to attempt to reach maximum medical improvement. The Court found that a brief continuance was appropriate to allow Plaintiffs to obtain additional medical treatment, updated medical reports, and updated documentation on future medical plans.[111] Therefore, the Court continued the trial date and pretrial conference date, but stated that all other deadlines set forth in the Court's Scheduling Order would remain in effect.[112] However, the Court stated that the parties could move to extend a specific deadline upon a showing of good cause.[113] The trial date was ultimately continued until January 27, 2020. Despite this continuance, it appears to the Court that nothing has changed since July 2019. Plaintiff Rebecca Logan did not undergo any additional surgeries, and neither party requested that discovery be reopened for any reason. Accordingly, with this complex procedural history in mind, the Court must consider whether the

---

[109] Rec. Doc. 95.

[110] *Id.* at 2.

[111] *Id.*

[112] *Id.* at 3.

[113] *Id.*

proposed expert opinion testimony on causation should be excluded at trial.

## C.  *Whether Plaintiffs' Failure to Comply with Rule 26 Regarding Expert Causation Testimony is Substantially Justified or Harmless*

"Failure to comply with the deadline for disclosure requirements results in 'mandatory and automatic' exclusion under Federal Rule of Civil Procedure 37(c)(1)" unless the failure is substantially justified or harmless.[114] To decide whether a failure to disclose is "substantially justified or harmless," the Fifth Circuit considers the following four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[115]

First, Plaintiffs have offered absolutely no explanation for their repeated failure to provide Rule 26(a)(2)(C) disclosures regarding the treating physicians' expert testimony on medical causation.[116] Trial was initially set for May 7, 2018, but the trial date has been rescheduled six times over the past two years.[117] Yet Plaintiffs never timely provided Rule 26(a)(2)(C) disclosures—despite several continuances and Defendants' explicit email request for Plaintiffs' Rule 26(a)(2)(C) disclosures.[118] Instead, Plaintiffs waited until they filed their opposition to the instant motion to provide an "Expert Witness List," which still failed to provide sufficient detail—even in the name, its merely a list and not a summary disclosure. Therefore, the first factor weighs in favor of excluding the challenged testimony.

---

[114] *Hooks*, 2016 WL 3667134, at *3.

[115] *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

[116] Rec. Doc. 87.

[117] Rec. Doc. 10; Rec. Doc. 50; Rec. Doc. 54; Rec. Doc. 59, Rec. Doc. 79; Rec. Doc. 105.

[118] Rec. Doc. 82-2.

Second, Plaintiffs argue that they would suffer "fatal prejudice" should this Court prohibit Rebecca Logan's treating physicians from testifying about medical causation at trial.[119] Defendants argue that if the treating physicians' expert testimony was essential to Plaintiffs' case, Plaintiffs would have timely designated those physicians to testify concerning medical causation.[120] Plaintiffs have not retained any experts to testify regarding causation. Therefore, Plaintiffs will suffer great prejudice if the treating physicians' proposed causation testimony is excluded. Accordingly, the second factor weighs in favor of permitting the challenged testimony.

Third, allowing Plaintiffs' treating physicians to offer expert causation testimony at trial would prejudice Defendants because Defendants still do not know the facts and opinions of the treating physicians. "The basic purpose of Rule 26 is to prevent prejudice and surprise."[121] Plaintiffs have repeatedly failed to provide summary disclosures of their treating physicians' testimony in compliance with Rule 26(a)(2)(C). Plaintiffs did provide what they entitled an "Expert Witness List" on July 16, 2019, approximately one month after the May 21, 2019 deadline. Nevertheless, although the Expert Witness List falls short of the requirements for a summary disclosure, it did place Defendants on notice that the treating physicians intended to testify as to medical causation. The parties deposed Dr. John Martin, Ms. Logan's pain management doctor, on September 11, 2018, and he testified that Ms. Logan's neck, back, and knee conditions were related to the October 2015 car accident.[122] However, Dr. Martin did not go into detail regarding the basis for this opinion.[123]

---

[119] Rec. Doc. 87 at 10.

[120] Rec. Doc. 82-1 at 11.

[121] *Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013).

[122] Rec. Doc. 87-1 at 59–60.

[123] *Id.* ("Q. Do you relate her neck condition, her past treatment, and even future treatment we discussed, to

The Court continued the trial date to January 27, 2020, because in July 2019, Plaintiffs represented that Rebecca Logan had not reached maximum medical improvement, and the Court was under the impression that Ms. Logan intended to undergo these additional surgeries to attempt to reach maximum medical improvement..[124] Yet the Court stated that all other deadlines would not be continued except upon motion by either party with good cause shown.[125] Despite this Order, neither party requested that any discovery deadlines be extended to depose any of the treating physicians on their proposed expert testimony. However, in the end, the party proposing the expert testimony is obligated to meet Rule 26's disclosure requirement or, otherwise, suffer exclusion of the testimony at trial. Here, Plaintiffs repeatedly failed to do so. Therefore, the third factor weighs in favor of excluding the challenged testimony.

The Court notes, however, that Plaintiffs' pain management doctor, Dr. John Martin, was deposed by Defendants. In Dr. Martin's deposition, he stated Ms. Logan's neck, back, and knee conditions were related to the October 2015 car accident.[126] Although Defendants did not have the obligation to ask about what facts Dr. Martin relied on to base his opinion about medical causation, Defendants certainly could have done so. Thus, in the interest of justice, Dr. Martin will be allowed to testify about medical causation. It will be up to the jury to decide whether Dr. Martin's testimony, expertise, and education supports his opinion about medical causation. Yet all remaining treating physicians for Plaintiff cannot provide expert testimony because

---

this particular motor vehicle accident? A. Yes. Q. What about her right knee condition? A. That was caused by the motor vehicle accident, too. Q. Did she suffer an aggravation of her low back condition, as well? A. She did.").

[124] Rec. Doc. 95.

[125] *Id.* at 2–3.

[126] Rec. Doc. 87-1 at 59–60.

Defendants did not receive summary disclosures and the opportunity to question the treating physicians about causation.

## V. Conclusion

Considering the forgoing reasons,

**IT IS HEREBY ORDERED** that Defendants Cory Smothers, Foundation Xpress LLC, and Westfield Insurance Company's "Motion in Limine #1 to Exclude Plaintiff Rebecca Logan's Treating Physicians from Offering Expert Causation Testimony"[127] is **GRANTED** to the extent that it requests Plaintiffs' treating physicians, except Dr. John Martin, be excluded from providing expert testimony at trial. The motion is denied as to Dr. John Martin.

**NEW ORLEANS, LOUISIANA,** this 24th  day of January, 2020.

_Nannette Jolivette Brown_

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[127] Rec. Doc. 82.