UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REBECCA LOGAN, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-29** |
| **WESTFIELD INSURANCE COMPANY, et al.** | **SECTION: "G"(4)** |

### ORDER AND REASONS

Plaintiffs Rebecca Logan and Derek Logan (collectively, "Plaintiffs") bring negligence claims against Defendants Cory Smothers ("Smothers"), Foundation Xpress LLC ("Foundation Xpress"), and Westfield Insurance Company ("Westfield Insurance") (collectively, "Defendants") for injuries allegedly sustained in an automobile accident.[1] Before the Court is Defendants' "Motion in Limine #5 to Exclud[e] Portions of Police Report and Evidence of Citation and Payment of Fine on Non-Moving Violation."[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies it in part.

### I. Background

On October 25, 2016, Plaintiffs filed a petition for damages against Defendants in the 16th Judicial District Court for the Parish of Lafayette.[3] The petition arises from a two-vehicle collision

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 128.

[3] Rec. Doc. 1-1.

at the intersection of Bertrand Drive and East Devalcourt in Lafayette, Louisiana.[4] According to the petition, on October 30, 2015, Rebecca Logan was driving her vehicle northward on Bertrand Drive.[5] Thereafter, Smothers allegedly, driving a 2012 Freightline Cascadia southward on Bertrand Drive, attempted a left turn and subsequently collided into Rebecca Logan's automobile.[6]

Rebecca Logan brings a negligence claim against Smothers and Foundation Xpress, who allegedly both own the 2012 Freightline Cascadia and employ Smothers.[7] Plaintiffs also bring claims against Westfield Insurance, who allegedly insured the Freightline Cascadia operated by Smothers.[8] Rebecca Logan contends that she suffered physical pain, mental pain, and other injuries due to the automobile accident.[9] Derek Logan contends that he suffered the loss of services and consortium of Rebecca Logan.[10]

On January 10, 2017, Defendants removed this case to the Western District of Lafayette, asserting diversity jurisdiction under 28 U.S.C. § 1332.[11] The case was initially assigned to United States District Judge Rebecca F. Doherty, and scheduled for trial on May 7, 2018.[12] However, following the retirement of the presiding district judge, the trial date was continued on several

---

[4] *Id.* at 1.

[5] *Id.*

[6] *Id.* at 1–2.

[7] *Id.* at 4.

[8] *Id.*

[9] *Id.* at 2.

[10] *Id.* at 3.

[11] Rec. Doc. 1.

[12] Rec. Doc. 10.

2

occasions.[13] On July 26, 2018, the case was reassigned to Chief Judge Nannette Jolivette Brown, and set for trial on August 19, 2019.[14]

On July 15, 2019, Plaintiffs filed a Motion to Continue the Trial Date and Extend All Deadlines.[15] In the motion to continue, Plaintiffs asserted that a continuance of the August 19, 2019 trial date was necessary because Plaintiff Rebecca Logan was receiving ongoing medical care for her back, neck, and knee, and had just received a surgical recommendation for her back and knee.[16]

On July 22, 2019, the Court granted Plaintiffs' motion to continue trial.[17] In granting the continuance, the Court relied on Plaintiffs' representation that Plaintiff Rebecca Logan had not reached maximum medical improvement with respect to her neck surgery, and that her doctors had recently recommended surgeries for her knee and back.[18] The Court was under the impression that Ms. Logan intended to undergo these additional surgeries to attempt to reach maximum medical improvement.[19] The Court found that a brief continuance was appropriate to allow Plaintiffs to obtain updated medical reports and updated documentation on future medical plans.[20] Therefore, the Court continued the trial date and pretrial conference date, but stated that all other

---

[13] Rec. Docs. 49, 53.

[14] The case was originally set for trial before Chief Judge Brown on May 13, 2019. Rec. Docs. 49, 53. The trial date was reset to August 19, 2019 due to a conflict in the Court's calendar. Rec. Docs. 57, 59.

[15] Rec. Doc. 86.

[16] *Id.* at 1.

[17] Rec. Doc. 95.

[18] *Id.* at 2.

[19] Ms. Logan did not undergo any additional surgeries following the continuance.

[20] *Id.*

3

deadlines set forth in the Court's Scheduling Order would remain in effect.[21] However, the Court stated that the parties could move to extend a specific deadline upon a showing of good cause.[22]

On January 14, 2020, Defendants filed the instant motion in limine.[23] On January 22, 2020, Plaintiffs filed an opposition to the instant motion.[24]

## II. Parties' Arguments

### A.  *Defendants' Arguments in Support of the Motion*

Defendants move the Court to issue an order excluding from trial: (1) portions of the police report, including the investigating officer's conclusions and opinions, diagram, and hearsay narrative; (2) any mentioning or evidence at trial that Smothers received a citation after the accident; and (3) any mentioning or evidence that Smothers pleaded no contest and paid a fine to a non-moving sticker violation because of the accident.[25]

First, Defendants contend that only those portions of the police report that reflect Officer James Fail's firsthand observations based on his accident investigation are admissible at trial, and any conclusions or opinions Officer Fail reached are inadmissible.[26] Accordingly, Defendants assert that the portions of the police report that contain Officer Fail's evaluative opinions and conclusions, including the diagram drawing of the accident, should not be referred to or offered

---

[21] *Id.* at 3.

[22] *Id.*

[23] Rec. Doc. 128.

[24] Rec. Doc. 144.

[25] Rec. Doc. 128 at 1.

[26] Rec. Doc. 128-1 at 2 (citing *Duhon v. Marceaux*, 33 F. App'x 703 (5th Cir. 2002); *Letsinger v. Stennette*, 2014 WL 4809814, at *4 (W.D. La. Sept. 26, 2014); *Reliastar Life Ins. Co. v. Thompson*, 2008 WL 4327259, at *4 (S.D. Tex. Sept. 16, 2008)).

4

at trial.[27] Additionally, Defendants object to the diagram because Officer Fail did not observe the accident, and they argue the diagram constitutes "accident reconstruction."[28] Finally, Defendants assert that Officer Fail's descriptions of the statements taken at the scene, found at page 6 of the report, are hearsay.[29] Defendants attach a redacted copy of the police report that they suggest shows only the admissible portions of the report that could be offered at trial.[30]

Second, Defendants argue that the citation Officer Fail issued to Smothers for "failure to yield" is inadmissible.[31] Additionally, Defendants assert that the City Prosecutor of Lafayette did not pursue a failure to yield charge against Smothers, instead amending the charge to a "[n]on-moving violation of motor vehicle inspection sticker under Code of Ordinance, Section 86-2:53B."[32]

Third, Defendants assert that the Court should exclude evidence showing that Smothers pleaded no contest to the non-moving violation and paid a fine.[33] According to Defendants, "Louisiana law is clear that evidence of a traffic charge . . . and payment of the fine without a written guilty plea are simply inadmissible at trial."[34] Additionally, Defendants note that Federal Rule of Evidence 410 prohibits the introduction of evidence of a "nolo contendere plea" in a civil

---

[27] *Id.* at 2.

[28] *Id.*

[29] *Id.* at 3.

[30] *Id.* at 4.

[31] *Id.* at 2.

[32] *Id.* at 3.

[33] *Id.* at 4.

[34] *Id.*

5

case.[35] Furthermore, Defendants assert that "the mere payment of a traffic citation does not constitute an admission against interest or confession of guilt."[36] Finally, Defendants argue that the evidence should be excluded under Federal Rule of Evidence 403 because an inspection sticker violation has no relevance to this accident, and any reference of this reduced/amended charge would not serve any purpose other than to inflame the jury.[37]

### B.  *Plaintiffs' Arguments in Opposition to the Motion*

In response, Plaintiffs state that they do not object to the police report being redacted to remove any reference to the citation Officer Fail issued to Smothers.[38] However, Plaintiffs contend that the diagram Officer Fail created contemporaneously with the investigation should not be redacted because it merely documents "the direction of both motorists, the approximate point of impact, and the signal activated for Smothers."[39] Plaintiffs assert "[t]here is no hearsay in the diagram, it was completed in the course of the officer's training and investigation, and it will aid the jury in understanding the incident."[40] Additionally, Plaintiffs argue that "some 'redactions' suggested by Defendants are black censorship bars covering empty blanks."[41] Plaintiffs assert that any redactions should be limited to the exclusion of citations issued to

---

[35] *Id.*

[36] *Id.* (citing *Bergeron v. Great W. Cas. Co.*, 2015 WL 3505091, at *4 (E.D. La. June 3, 2015) (Morgan, J.)).

[37] *Id.*

[38] Rec. Doc. 144 at 2.

[39] *Id.*

[40] *Id.*

[41] *Id.* at 4.

Smothers.[42] Plaintiffs attach a redacted copy of the police report that they suggest shows only the admissible portions of the report that could be offered at trial.[43]

### III. Legal Standard

#### A. *Relevancy and Prejudice*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[44] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[45]

#### B. *Hearsay*

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in

---

[42] *Id.*

[43] *Id.*; Rec. Doc. 144-2.

[44] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[45] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

7

evidence to prove the truth of the matter asserted in the statement."[46] Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise.[47] After a party properly objects to the admission of evidence as hearsay, the proponent of evidence bears the burden to show that statement is not offered as hearsay or falls within an exception to the hearsay rule.[48]

Under Federal Rule of Evidence 803(8), a police report is excluded from the rule against hearsay if it sets out the "factual findings from a legally authorized investigation" and "the opponent does not show that the source of the information or other circumstances indicate a lack of trustworthiness." First-hand observations of a police officer, which are based on the officer's investigation and experience and incorporated into a police report, are also admissible.[49]

### IV. Analysis

Defendants move the Court to issue an order excluding from trial: (1) portions of the police report, including the investigating officer's conclusions and opinions, diagram, and hearsay narrative; (2) any mentioning or evidence at trial that Smothers received a citation after the

---

[46] Fed. R. Evid. 801(c)(1)–(2). Federal Rule of Evidence 801(d) further provides that opposing party's statements and certain prior statements by declarant-witnesses used to impeach or rebut the witness are not hearsay.

[47] Fed. R. Evid. 802.

[48] *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."); *Loomis v. Starkville Mississippi Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742–43 (N.D. Miss. 2015) ("Once a party has 'properly objected to [evidence] as inadmissible hearsay,' the burden shifts to the proponent of the evidence to show, 'by a preponderance of the evidence, that the evidence [falls] within an exclusion or exception to the hearsay rule and was therefore admissible.'" (citations omitted)); *see also Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015) (Africk, J.); *Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, No. 10-2524, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012).

[49] *Reliastar Life Ins. Co. v. Thompson*, No. 07-140, 2008 WL 4327259, at *4 (S.D. Tex. Sept. 16, 2008); *Harris v. Browning–Ferris Indus. Chem. Servs., Inc.*, 635 F.Supp. 1202, 1209 (M.D. La.1986), *aff'd without op.*, 806 F.2d 259 (5th Cir. 1986).

accident; and (3) any mentioning or evidence that Smothers pleaded no contest and paid a fine to a non-moving sticker violation because of the accident.[50] Plaintiffs do not raise any objection to the exclusion of evidence that Smothers received a citation after the accident or evidence that Smothers pleaded no contest and paid a fine to a non-moving sticker violation because of the accident.[51] Accordingly, the Court grants Defendants motion to the extent it seeks exclusion of evidence regarding the citation and Smothers' payment of a fine.

Plaintiffs object to several redactions to the police report proposed by Defendants.[52] Specifically, Plaintiffs contend that a diagram showing where the impact occurred should be admitted.[53] On the other hand, Defendants assert that the diagram should be redacted because Officer Fail did not observe the accident, and they argue the diagram constitutes "accident reconstruction."[54]

In *Duhon v. Marceaux*, the Fifth Circuit affirmed a district court's exclusion of a law enforcement officer's opinion testimony regarding the cause of a car accident.[55] The Fifth Circuit noted that the officer was not qualified as an expert in accident reconstruction and did not personally witness the accident.[56] Therefore, the Fifth Circuit affirmed the exclusion of the testimony under the "general rule" that "police officers' lay opinions as to the cause of an automobile accident formed by viewing subsequent evidence at the scene are excluded under

---

[50] Rec. Doc. 128 at 1.

[51] Rec. Doc. 144.

[52] *Id.* at 2.

[53] *Id.*

[54] Rec. Doc. 128-1 at 2.

[55] 33 F. App'x 703, 2002 WL 432383 at *4 (5th Cir. 2002).

[56] *Id.*

9

Rule 701."[57] The Fifth Circuit also found no error in the district court's statement that the police report could be admitted after redacting the portions of the report that expressed an opinion about the cause of the accident.[58]

Here, the diagram shows the direction of both motorists, the approximate point of impact, and the signal activated for Smothers.[59] The diagram does not suggest fault or express an opinion as to the cause of the accident. The diagram is merely a visual aid reflecting the information Officer Fail collected during his investigation. Accordingly, the Court finds that the diagram contained on page 6 of the police report is admissible under Rule 803(8).

Defendants also assert that Office Fail's descriptions of the statements taken at the scene, found at page 6 of the report, are hearsay.[60] Despite this argument, the redacted police report Defendants submitted to the Court does not redact any of the descriptions of the statements taken at the scene.[61] Therefore, it is unclear what, if any, portions of the narrative Defendants are arguing should be redacted.[62] Defendants may raise this issue again at trial if necessary.

After comparing the other proposed redactions submitted by the parties, the Court notes that although Plaintiffs redact portions of the report reflecting Officer Fail's conclusion that Mr. Smothers was at fault for the accident, they failed to redact portions of the report reflecting that

---

[57] *Id.*

[58] *Id.*

[59] Rec. Doc. 144-1 at 6.

[60] Rec. Doc. 128-1 at 3.

[61] Rec. Doc. 128-4 at 6. At page 6 Defendants only redacted the diagram, which is discussed *supra*, and the statement indicating that Mr. Smothers was issued a citation. *Id.*

[62] The statement by Mr. Smothers that he ran the red light would be an opposing party admission under Federal Rule of Evidence 801(d)(2)(A). *See Mayes v. Kollman*, 560 F. App'x 389, 393 (5th Cir. 2014) (finding the defendant's statement that he "didn't see the light" admissible as an opposing party admission under Rule 801(d)(2)(A).

Rebecca Logan was not at fault.[63] Accordingly, the Court finds that the other redactions to the police report proposed by Defendants are more appropriate as they remove all suggestions of fault and opinions about the cause of the accident. Therefore, the redacted version of the police report submitted by Defendants will be used at trial, except that the diagram found on page 6 of the report shall not be redacted.

## **V. Conclusion**

Considering the forgoing reasons,

---

[63] *See* Rec. Doc. 144-2 at 5.

**IT IS HEREBY ORDERED** that Defendants Cory Smothers, Foundation Xpress LLC, and Westfield Insurance Company's "Motion in Limine #5 to Exclud[e] Portions of Police Report and Evidence of Citation and Payment of Fine on Non-Moving Violation"[64] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED IN PART** to the extent it seeks to exclude portions of the police report reflecting the investigating officer's conclusions and opinions, evidence that Smothers received a citation, and evidence that Smothers pleaded no contest to a non-moving violation because of the accident.

**IT IS FURTHER ORDERED** that the motion is **DENIED IN PART** to the extent it seeks to exclude the diagram found on page 6 of the police report. The redacted version of the police report submitted by Defendants will be used at trial, except that the diagram found on page 6 of the report shall not be redacted.

**IT IS FURTHER ORDERED** that whichever party offers the police report into evidence at trial prepare the exhibit consistent with this Order.

**NEW ORLEANS, LOUISIANA,** this 24th day of January, 2020.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[64] Rec. Doc. 128.