## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

**REBECCA LOGAN, et al.**                          CIVIL ACTION

**VERSUS**                                          NO. 17-29

**WESTFIELD INSURANCE COMPANY, et**                 SECTION: "G"(4)
**al.**

## ORDER AND REASONS

Plaintiffs Rebecca Logan and Derek Logan (collectively, "Plaintiffs") bring negligence claims against Defendants Cory Smothers ("Smothers"), Foundation Xpress LLC ("Foundation Xpress"), and Westfield Insurance Company ("Westfield Insurance") (collectively, "Defendants") for injuries allegedly sustained in an automobile accident.[1] Before the Court is Defendants' "Motion in Limine on Consolidated in Limine Motions."[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies it in part.

## I. Background

On October 25, 2016, Plaintiffs filed a petition for damages against Defendants in the 16th Judicial District Court for the Parish of Lafayette.[3] The petition arises from a two-vehicle collision

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 132.

[3] Rec. Doc. 1-1.

at the intersection of Bertrand Drive and East Devalcourt in Lafayette, Louisiana.[4] According to

the petition, on October 30, 2015, Rebecca Logan was driving her vehicle northward on Bertrand

Drive.[5] Thereafter, Smothers allegedly, driving a 2012 Freightline Cascadia southward on

Bertrand Drive, attempted a left turn and subsequently collided into Rebecca Logan's automobile.[6]

Rebecca Logan brings a negligence claim against Smothers and Foundation Xpress, who

allegedly both owns the 2012 Freightline Cascadia and employs Smothers.[7] Plaintiffs also bring

claims against Westfield Insurance, who allegedly insured the Freightline Cascadia operated by

Smothers.[8] Rebecca Logan contends that she suffered physical pain, mental pain, and other

injuries due to the automobile accident.[9] Derek Logan contends that he suffered the loss of services

and consortium of Rebecca Logan.[10]

On January 10, 2017, Defendants removed this case to the Western District of Lafayette,

asserting diversity jurisdiction under 28 U.S.C. § 1332.[11] The case was initially assigned to United

States District Judge Rebecca F. Doherty, and scheduled for trial on May 7, 2018.[12] However,

following the retirement of the presiding district judge, the trial date was continued on several

---

[4] *Id.* at 1.

[5] *Id.*

[6] *Id.* at 1–2.

[7] *Id.* at 4.

[8] *Id.*

[9] *Id.* at 2.

[10] *Id.* at 3.

[11] Rec. Doc. 1.

[12] Rec. Doc. 10.

occasions.[13] On July 26, 2018, the case was reassigned to Chief Judge Nannette Jolivette Brown, and set for trial on August 19, 2019.[14]

On July 15, 2019, Plaintiffs filed a Motion to Continue the Trial Date and Extend All Deadlines.[15] In the motion to continue, Plaintiffs asserted that a continuance of the August 19, 2019 trial date was necessary because Plaintiff Rebecca Logan was receiving ongoing medical care for her back, neck, and knee, and had just received a surgical recommendation for her back and knee.[16]

On July 22, 2019, the Court granted Plaintiffs' motion to continue trial.[17] In granting the continuance, the Court relied on Plaintiffs' representation that Plaintiff Rebecca Logan had not reached maximum medical improvement with respect to her neck surgery, and that her doctors had recently recommended surgeries for her knee and back.[18] The Court was under the impression that Ms. Logan intended to undergo these additional surgeries to attempt to reach maximum medical improvement.[19] The Court found that a brief continuance was appropriate to allow Plaintiffs to obtain the recommended medical treatment, updated medical reports, and updated documentation on future medical plans.[20] Therefore, the Court continued the trial date and pretrial conference

---

[13] Rec. Docs. 49, 53.

[14] The case was originally set for trial before Chief Judge Brown on May 13, 2019. Rec. Docs. 49, 53. The trial date was reset to August 19, 2019 due to a conflict in the Court's calendar. Rec. Docs. 57, 59.

[15] Rec. Doc. 86.

[16] *Id.* at 1.

[17] Rec. Doc. 95.

[18] *Id.* at 2.

[19] Ms. Logan did not undergo any additional surgeries following the continuance.

[20] *Id.*

date, but stated that all other deadlines set forth in the Court's Scheduling Order would remain in effect.[21] However, the Court stated that the parties could move to extend a specific deadline upon a showing of good cause.[22]

On January 14, 2020, Defendants filed the instant motion in limine.[23] On January 22, 2020, Plaintiffs filed an opposition to the instant motion.[24]

## II. Parties' Arguments

### A. Defendants' Arguments in Support of the Motion

Defendants omnibus motion in limine seeks to exclude the introduction of nineteen categories of evidence.[25]

#### 1. Publication of Insurance Policy Limits to the Jury

First, Defendants seek an Order prohibiting the parties from publishing or referencing the available monetary policy limits for the insurance policies at issue in this case.[26] Defendants assert that this evidence is not relevant to any issue of fact in this case and unfairly prejudicial.[27]

#### 2. Evidenced of Lost Wages or Income

Second, Defendants assert that Plaintiffs must be barred from seeking lost wages or

---

[21] *Id.* at 3.

[22] *Id.*

[23] Rec. Doc. 132.

[24] Rec. Doc. 147.

[25] Rec. Doc. 132.

[26] Rec. Doc. 132-1 at 5–6.

[27] *Id.* at 6 (citing *Berry v. Roberson*, 2016 WL 3432455 (M.D. La. 06/17/16); *DSC Commc'ns Corp. v. Next Level Commc'ns*, 929 F. Supp. 239, 242–46 (E.D. Tex. 1996)).

income.[28] Defendants contend that the accident has not affected Plaintiffs' ability to work, and Plaintiffs are not claiming loss of future earnings and did not disclose an expert to testify to loss of future earnings.[29] Furthermore, to the extent Plaintiffs may at trial seek past lost wages, Defendants argue that Plaintiffs are precluded from seeking these alleged damages because Plaintiffs have not provided documents or evidence to support any lost wage or income claim.[30] Therefore, Defendants move this Court to exclude any evidence or testimony regarding past or future lost wages or income.[31]

### 3.    Evidence Smothers' Driver's Daily Log "Violated the Law"

Third, Defendants request that Plaintiffs' counsel be prohibited from mentioning or referencing that Smothers allegedly "violated the law" by not filling in the word "Lafayette" in his Daily Driver's Log or any other omissions/mistakes contained in Smothers' logs.[32] Defendants assert that the Department of Transportation ("DOT") establishes the law on driver logbook injuries, but Plaintiffs did not identify any potential DOT regulations or DOT violations in the Pre-Trial Order.[33] Defendants assert that any mention of this issue is improper, irrelevant, and would serve no purpose other than to inflame or confuse the jury.[34]

### 4.    Testimony Regarding Smothers' Post-Accident Employment Status

---

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.* at 6–7.

[32] *Id.* at 7.

[33] *Id.*

[34] *Id.*

Fourth, Defendants seek to exclude any evidence or testimony regarding Smothers' post-accident employment status, specifically that Smothers was briefly suspended following the accident.[35] Defendants assert that such evidence is irrelevant and prejudicial as the jury could infer that Smothers was guilty of wrongdoing.[36] Furthermore, Defendants contend that Federal Rule of Evidence 407 expressly prohibitS the introduction of subsequent remedial measures to prove negligence.[37]

### 5. Limitation of Plaintiff Derek Logan's Testimony

Fifth, Defendants move the Court to preclude Plaintiff Derek Logan from giving an opinion as to fault for the collision because he did not witness the accident.[38] Additionally, Defendants assert that Mr. Logan must be precluded from using his position as a Louisiana Wildlife and Fisheries agent to bolster his testimony and credibility.[39] According to Defendants, during Mr. Logan's deposition he testified: "It's my professional experience of being a game warden for 12 years not often do you see a woman by herself hunting wild boar. She is a strong woman. And she was totally shattered when she was sitting in that car."[40] Defendants assert that Mr. Logan's professional experience has nothing to do with this case.[41] Therefore, Defendants argue that Mr. Logan "should not be allowed to insert his position of authority or experience as a game warden

---

[35] *Id.* at 8.

[36] *Id.* at 9.

[37] *Id.*

[38] *Id.* at 10.

[39] *Id.*

[40] *Id.*

[41] *Id.*

into his testimony to sway the jury against Defendants."[42] Furthermore, Defendants request that Mr. Logan be "precluded from wearing his wildlife and fisheries agent uniform in the presence of the jury unless, of course, there is a justifiable reason or excuse for doing so."[43]

### 6. Testimony Blaming Fertility Issues on the Accident

Sixth, Defendants assert that Plaintiffs should be barred from blaming fertility issues on the accident.[44] Based on Plaintiffs' deposition testimony and discovery responses, Defendants anticipate Plaintiffs may testify or mention to the jury that this accident affected their ability or chances to conceive a child biologically.[45] Defendants contend that the Court should prohibit such statements or testimony because Plaintiffs' fertility or infertility is clearly a medical issue that falls outside their knowledge and expertise, and no medical doctor or expert has opined this accident affected Plaintiffs' ability or chances to conceive a child biologically.[46] Therefore, Defendants assert that any purported testimony by Plaintiffs on this issue will either be hearsay, rank speculation, and/or an attempt by lay witnesses to improperly provide expert testimony under Federal Rule of Evidence 702.[47] Furthermore, Defendants assert such testimony is not relevant and would serve only to inflame the jury.[48]

### 7. References to No Corporate Representative Being at Trial and Foundation Xpress's Status

---

[42] *Id.* at 10–11.

[43] *Id.* at 11.

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.* at 11–12.

[48] *Id.* at 12.

Seventh, Defendants assert that a corporate representative may not attend trial, and Plaintiffs should be precluded from raising this issue in front of the jury.[49] Additionally, Defendants contend that Plaintiffs should be prohibited from mentioning that Foundation Xpress is no longer in business.[50] Defendants argue that these references are irrelevant and prejudicial.[51]

## 8.   Comment on Plaintiffs' and Defendants' Financial Resources

Eighth, Defendants seek to exclude any mention of Plaintiffs' or Defendants' financial resources.[52] Defendants assert that such references are unfairly prejudicial and would distract from the relevant issues at trial.[53]

## 9.   Comment on Other Legal Proceedings, Accidents, and Dissimilar Incidents

Ninth, Defendants move the Court to exclude any testimony, evidence, or argument, direct or indirect, concerning any other legal proceedings, lawsuits, or complaints, brought against any defendant because Defendants argue such other claims are irrelevant and immaterial and such testimony, evidence, or argument is calculated only to inflame the jury.[54] Additionally, Defendants move the Court to exclude any testimony, evidence, or argument, direct or indirect, concerning any other accidents, wrongs or misconduct involving any defendant because such accidents, wrongs, or misconduct are irrelevant and immaterial and such testimony, evidence, or argument is

---

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] *Id.* at 13.

[53] *Id.*

[54] *Id.*

calculated only to inflame the jury.[55]

### 10. Lay Testimony and Evidence Regarding Plaintiffs' Physical Condition

Tenth, Defendants assert that "[e]vidence from lay witnesses concerning Rebecca Logan's medical condition, work capacity or alleged injuries should be excluded because lay witnesses are incompetent to testify to matters of a medical nature and because such testimony is hearsay."[56] To the extent Plaintiffs intend or may testify as to whether they have been told anything about Rebecca Logan's physical or medical condition by any doctor or medical witness, Defendants argue that such testimony is hearsay.[57] Defendants contend that Plaintiffs should present allowable medical testimony from the medical records or from medical doctors.[58]

### 11. Testimony of Future Health Problems that Plaintiffs Believe May Occur

Eleventh, Defendants request that the Court exclude any testimony by Plaintiffs suggesting that Rebecca Logan may incur health problems or medical conditions, caused by the October 30, 2015 accident, or mention of fears or concerns about potential health problems or medical conditions which may arise in the future.[59] Defendants argue that such evidence is the province of a medical doctor, and Plaintiffs are not qualified to offer scientific testimony regarding medical causation, including but not limited to potential future injuries.[60]

### 12. References to Settlement Negotiations

---

[55] *Id.* at 13–14.

[56] *Id.* at 14.

[57] *Id.*

[58] *Id.*

[59] *Id.*

[60] *Id.* at 15.

Twelfth, Defendants move the Court to exclude any evidence of any offers to settle, negotiations with respect to settlement or the absence of such negotiations. Defendants assert that this information is immaterial and irrelevant to any issue in this case, and its mention would be unfairly prejudicial.[61] Likewise, Defendants argue any reference to the fact that settlement negotiations have taken place in this action or that mediation was conducted, as well as the actions or statements of any party in connection with such settlement negotiations and/or mediation should be excluded.[62] Defendants assert that such evidence is irrelevant to proving the validity or invalidity of the claims in this action and is inadmissible under Federal Rule of Evidence 408.[63]

### 13. References to Pre-Trial Rulings and Motions Regarding Exclusions of Evidence or Testimony

Thirteenth, Defendants request that the Court exclude any reference to pre-trial rulings and motions regarding the admissibility of evidence.[64] Defendants contend that such evidence is not relevant and unfairly prejudicial.[65]

### 14. Comment on Absent or Probable Witnesses

Fourteenth, Defendants move the Court to prohibit Plaintiffs from making any mention or suggestion "as to the probable testimony of a witness who is absent, unavailable or not called to testify in this cause, and no comment be made as to the failure of any party to call as a witness any

---

[61] *Id.*

[62] *Id.*

[63] *Id.*

[64] *Id.*

[65] *Id.* at 15–16.

person equally available to both parties."[66]

### 15. Testimony on Foundation Xpress's Entrustment of a Vehicle and Training of Smothers

Fifteenth, Defendants move the Court to exclude any testimony related to Foundation Xpress's training of Smothers, or entrustment of the subject vehicle to Smothers.[67] Defendants argue that such testimony is irrelevant to any pending claim in this matter as Plaintiffs have not asserted a separate claim against defendant Foundation Xpress for negligent hiring, training, and entrustment of a vehicle to Smothers.[68]

### 16. References to Bias or Prejudice Against Corporate Defendants

Sixteenth, Defendants seek to exclude any reference to bias or prejudice against corporate defendants as such evidence is not relevant and serve only to inflame the jury.[69]

### 17. References to Undisclosed or Unadmitted Evidence

Seventeenth, Defendants move the Court to exclude any testimony, evidence, or argument, direct or indirect, concerning records, drawings, or other documents or exhibits by Plaintiffs not provided to or reviewed by Defendants because they argue any such evidence would violate the rules of discovery.[70]

### 18. Comment on Discovery Objections

Eighteenth, Defendants move the Court to exclude any testimony, evidence, or argument,

---

[66] *Id.* at 16.

[67] *Id.*

[68] *Id.*

[69] *Id.* at 16–17.

[70] *Id.* at 17.

direct or indirect, concerning any objections or comments previously made by attorneys, whether in depositions, written discovery, hearings, or trial because they argue such evidence is irrelevant and would inflame the jury.[71]

### 19. References to Conscience of the Community

Nineteenth, Defendants argue that any statement, reference, inference, argument, or mention that the jurors should put themselves in the position of Plaintiffs is improper and irrelevant.[72] Additionally, Defendants argue that any statement, reference, inference, argument, or mention to the jury that they are the conscience of the community is prejudicial to Defendants.[73]

### B. *Plaintiffs' Arguments in Opposition to the Motion*

Plaintiffs do not oppose Defendants' request that the Court exclude the following categories of evidence: (1) publication of insurance policy limits to the jury; (7) references to no corporate representative being at trial and Foundation Xpress's status; (8) comment on Plaintiffs' and Defendants' financial resources; (9) comment on other legal proceedings, accidents, and dissimilar incidents; (12) references to settlement negotiations; (13) references to pre-trial rulings and motions regarding exclusions of evidence or testimony; (16) references to bias or prejudice against corporate defendants; and (19) references to conscience of the community.[74] Plaintiffs oppose in whole or in part the exclusion of the other categories of evidence at issue in Defendants' omnibus motion in limine.[75]

---

[71] *Id.* at 17–18.

[72] *Id.* at 18.

[73] *Id.*

[74] *Id.*

[75] Rec. Doc. 147.

### 2.    Evidenced of Lost Wages or Income

Plaintiffs acknowledge that they are not seeking past lost wages, but they assert that they have every right to seek future lost wages.[76] Plaintiffs cite *Barocco v. Ennis Inc.*, a Fifth Circuit case, for the proposition that loss of future earning capacity can be permitted without testimony of vocational and economic experts.[77] Therefore, Plaintiffs assert that Rebecca Logan can present testimony that the injuries she sustained due to this accident could negatively affect her future work status and/or income.[78]

### 3.    Evidence Smothers' Driver's Daily Log "Violated the Law"

Plaintiffs assert that they should be allowed to question Smothers about inaccuracies and omissions in his Daily Driver's Log.[79] Plaintiffs contend that the fact Smothers failed to accurately keep his Daily Log will be offered "as an example of his inattentiveness, inexperience, lack of understanding of the requirements for truck drivers, and lack of preparation."[80] Plaintiffs argue that these allegations are not arguments of law that were required to be included as a contested issue of law in the Pre-Trial Order.[81] Plaintiffs argue that this evidence is relevant to show that the Smothers' inattentiveness caused the accident.[82]

---

[76] *Id.* at 1.

[77] *Id.* at 1–2 (citing 100 F. App'x 965, 968 (5th Cir. 2004)).

[78] *Id.* at 1.

[79] *Id.* at 2.

[80] *Id.*

[81] *Id.*

[82] *Id.* at 3.

### 4.	Testimony Regarding Smothers' Post-Accident Employment Status

Plaintiffs acknowledge that Smothers' suspension would generally be excluded as evidence of subsequent remedial measures.[83] However, Plaintiffs assert that such evidence could be admitted for the purpose of impeachment if he were to claim he suffered no consequences as a result of the accident or to show that Foundation Xpress had control over Smothers if a representative of the company were to claim they had no control over Smothers' actions.[84] Therefore, Plaintiffs argue the evidence should not be excluded because there are a few instances where it would be appropriate to introduce the evidence.[85]

### 5.	Limitation of Plaintiff Derek Logan's Testimony

Plaintiffs contend that there is absolutely no reason to preclude Derek Logan from stating his occupation as a Louisiana Wildlife and Fisheries agent.[86] Plaintiffs assert that Mr. Logan's deposition testimony was not based on his experience as a game warden but a common-sense perception regarding Rebecca Logan's decreased ability to hunt since her injury.[87] Plaintiffs contend that there is no authority to support Defendants' request that Mr. Logan not wear his uniform, but also note that Mr. Logan plans to come to trial in civilian clothing.[88]

### 6.	Testimony Blaming Fertility Issues on the Accident

Plaintiffs assert that Defendants mischaracterize Rebecca Logan's deposition testimony

---

[83] *Id.*

[84] *Id.*

[85] *Id.* at 3–4.

[86] *Id.* at 4.

[87] *Id.*

[88] *Id.*

regarding her fertility issues.[89] According to Plaintiffs, Ms. Logan is not claiming the accident caused her fertility issues, but she fears that her body could not handle the rigors of pregnancy and the medications she takes could negatively affect a pregnancy.[90] Plaintiffs assert that this testimony supports her request for damages based on mental pain and suffering.[91]

### 10.    Lay Testimony and Evidence Regarding Plaintiffs' Physical Condition

Plaintiffs assert that any first-hand witness should be able to discuss Rebecca Logan's injury, her ability to work, or struggles she has had due to her injuries.[92] Plaintiffs assert that lay witnesses may offer common sense opinion testimony regarding matters within their own perception and experiences in everyday life.[93]

### 11.    Testimony of Future Health Problems that Plaintiffs Believe May Occur

Plaintiffs assert that Defendants request that the Court exclude any testimony by Plaintiffs suggesting that Rebecca Logan may incur health problems or medical conditions, caused by the October 30, 2015 accident, or mention of fears or concerns about potential health problems or medical conditions which may arise in the future is too vague.[94] Plaintiffs contend that the Court should not rule on this matter until Defendants clarify their position.[95]

### 14.    Comment on Absent or Probable Witnesses

---

[89] *Id.* at 5.

[90] *Id.*

[91] *Id.*

[92] *Id.* at 6.

[93] *Id.* (citing *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008)).

[94] *Id.*

[95] *Id.*

Plaintiffs argue that Defendants request the Court prohibit Plaintiffs from making any mention or suggestion "as to the probable testimony of a witness who is absent, unavailable or not called to testify in this cause, and no comment be made as to the failure of any party to call as a witness any person equally available to both parties" is too vague.[96] Plaintiffs contend that the Court should not rule on this matter until Defendants clarify their position.[97]

**15.    Testimony on Foundation Xpress's Entrustment of a Vehicle and Training of Smothers**

Plaintiffs acknowledge that they are not making a claim for negligent entrustment, training.[98] However, Plaintiffs argue that the training and experience of Smothers is relevant to this case and should be open to questioning as it could directly relate to the cause of the accident.[99]

**17.    References to Undisclosed or Unadmitted Evidence**

Plaintiffs assert that Defendants request that the Court exclude any reference to undisclosed or unadmitted evidence is overly broad.[100] Plaintiffs contend that if evidence was previously unknown becomes relevant the parties should have the ability for the Court to determine if such evidence should be admitted.[101]

**18.    Comment on Discovery Objections**

Plaintiffs argue that Defendants request that the Court exclude any comment on objections

---

[96] *Id.* at 7.

[97] *Id.*

[98] *Id.*

[99] *Id.*

[100] *Id.* at 8.

[101] *Id.*

made during discovery is too vague.[102] Plaintiffs contend that the Court should not rule on this matter until Defendants clarify their position.[103]

## III. Legal Standard

### A.    Relevancy and Prejudice

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[104] "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."[105]

### B.    Hearsay

---

[102] *Id.* at 9.

[103] *Id.*

[104] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[105] *Id.* at 1115–16 (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862 (1979)).

Under the Federal Rules of Evidence, hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[106] Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise.[107] After a party properly objects to the admission of evidence as hearsay, the proponent of evidence bears the burden to show that statement is not offered as hearsay or falls within an exception to the hearsay rule.[108]

## IV. Analysis

Defendants omnibus motion in limine seeks to exclude the introduction of nineteen categories of evidence.[109] Plaintiffs do not oppose Defendants' request that the Court exclude the following categories of evidence: (1) publication of insurance policy limits to the jury; (7) references to no corporate representative being at trial and Foundation Xpress's status; (8) comment on Plaintiffs' and Defendants' financial resources; (9) comment on other legal proceedings, accidents, and dissimilar incidents; (12) references to settlement negotiations; (13) references to pre-trial rulings and motions regarding exclusions of evidence or testimony; (16)

---

[106] Fed. R. Evid. 801(c)(1)–(2). Federal Rule of Evidence 801(d) further provides that opposing party's statements and certain prior statements by declarant-witnesses used to impeach or rebut the witness are not hearsay.

[107] Fed. R. Evid. 802.

[108] *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."); *Loomis v. Starkville Mississippi Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742–43 (N.D. Miss. 2015) ("Once a party has 'properly objected to [evidence] as inadmissible hearsay,' the burden shifts to the proponent of the evidence to show, 'by a preponderance of the evidence, that the evidence [falls] within an exclusion or exception to the hearsay rule and was therefore admissible.'" (citations omitted)); *see also Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015) (Africk, J.); *Broad. Music, Inc. v. Tex Border Mgmt., Inc.*, No. 10-2524, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012).

[109] Rec. Doc. 132.

references to bias or prejudice against corporate defendants; and (19) references to conscience of the community.[110] Accordingly, Defendants' motion is granted as to these categories of evidence.

Plaintiffs oppose in whole or in part the exclusion of the other categories of evidence at issue in Defendants' omnibus motion in limine. Therefore, the Court will address each category of contested evidence in turn.

### 2.    Evidenced of Lost Wages or Income

Defendants assert that Plaintiffs must be barred from seeking lost wages or income.[111] Defendants argue that Plaintiffs are not claiming loss of future earnings and did not disclose an expert to testify to loss of future earnings.[112] Furthermore, to the extent Plaintiffs may at trial seek past lost wages, Defendants argue that Plaintiffs are precluded from seeking these alleged damages because Plaintiffs have not provided documents or evidence to support any lost wage or income claim.[113] Plaintiffs acknowledge that they are not seeking past lost wages, but they assert that they have every right to seek future lost wages.[114]

In the petition, Plaintiffs allege that Rebecca Logan sustained a loss of future income and/or earning capacity as a result of the injuries she allegedly sustained in the motor vehicle accident at issue.[115] Plaintiffs assert that Rebecca Logan can present testimony that the injuries she sustained

---

[110] Rec. Doc. 147.

[111] Rec. Doc. 132-1 at 6.

[112] *Id.*

[113] *Id.*

[114] Rec. Doc. 147 at 1.

[115] Rec. Doc. 1-1 at 3.

due to this accident could negatively affect her future work status and/or income.[116]

 "[A]ll that Louisiana law requires a plaintiff to show in order to receive an award for loss of future earning capacity is 'medical evidence which at least indicates there could be a residual disability causally related to the accident'"[117] Furthermore, a plaintiff may present "[l]ay testimony . . . to complement and corroborate medical evidence."[118] Accordingly, Plaintiffs may rely on the medical records and lay testimony to establish a claim for loss of future earning capacity.

### 3.    Evidence Smothers' Driver's Daily Log "Violated the Law"

Defendants request that Plaintiffs' counsel be prohibited from mentioning or referencing that Smothers allegedly "violated the law" by not filling in the word "Lafayette" in his Daily Driver's Log or any other omissions/mistakes contained in Smothers' logs.[119] Defendants assert that Plaintiffs did not identify any potential DOT regulations or DOT violations in the Pre-Trial Order.[120] In opposition, Plaintiffs assert that they should be allowed to question Smothers about inaccuracies and omissions in his Daily Driver's Log.[121] Plaintiffs argue that these allegations are not arguments of law that were required to be included as a contested issue of law in the Pre-Trial Order.[122] Plaintiffs argue that this evidence is relevant to show that the Smothers' inattentiveness

---

[116] Rec. Doc. 147 at 1.

[117] *Barocco v. Ennis Inc.*, 100 F. App'x 965, 968 (5th Cir. 2004) (quoting *Bize v. Boyer*, 408 So. 2d 1309, 1311–12 (La.1982)).

[118] *Id.*

[119] Rec. Doc. 132-1 at 7.

[120] *Id.*

[121] Rec. Doc. 147 at 2.

[122] *Id.*

caused the accident.[123]

Evidence of inaccuracies and omissions in Smothers' Daily Driver's Log may be relevant to show inattentiveness by Smothers caused or contributed to the accident. Defendants have not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice or misleading the jury as required by Federal Rule of Evidence 403. However, the attorneys may not reference alleged "violations of law." The Court must instruct the jury on the law applicable to this case. Any alleged violations of DOT regulations are not an issue the jury will be asked to decide.

### 4. Testimony Regarding Smothers' Post-Accident Employment Status

Fourth, Defendants seek to exclude any evidence or testimony regarding Smothers' post-accident employment status, specifically that Smothers was briefly suspended following the accident, pursuant to Federal Rule of Evidence 407.[124] Plaintiffs acknowledge that Smothers' suspension would generally be excluded as evidence of subsequent remedial measures.[125] However, Plaintiffs assert that such evidence could be admitted for the purpose of impeachment if he were to claim he suffered no consequences as a result of the accident or to show that Foundation Xpress had control over Smothers if a representative of the company were to claim they had no control over Smothers' actions.[126] Therefore, Plaintiffs argue the evidence should not be excluded because there are a few instances where it would be appropriate to introduce the evidence.[127]

---

[123] *Id.* at 3.

[124] Rec. Doc. 132-1 at 8.

[125] Rec. Doc. 147 at 3.

[126] *Id.*

[127] *Id.* at 3–4.

Pursuant to Federal Rule of Evidence 407, that evidence of the subsequent remedial measure is not admissible to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction.[128] However, Rule 407 evidence of a subsequent remedial measure for other purposes "such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures.[129] Accordingly, Defendants request to exclude the evidence is denied on that limited basis

### 5.    Limitation of Plaintiff Derek Logan's Testimony

Defendants assert that Plaintiff Derek Logan should not be allowed to give an opinion as to fault for the collision because he did not witness the accident.[130] Additionally, Defendants assert that Mr. Logan must be precluded from using his position as a Louisiana Wildlife and Fisheries agent to bolster his testimony and credibility.[131] Furthermore, Defendants request that Mr. Logan be "precluded from wearing his wildlife and fisheries agent uniform in the presence of the jury unless, of course, there is a justifiable reason or excuse for doing so."[132] Plaintiffs contend that there is absolutely no reason to preclude Derek Logan from stating his occupation as a Louisiana Wildlife and Fisheries agent.[133] Plaintiffs contend that there is no authority to support Defendants' request that Mr. Logan not wear his uniform, but also note that Mr. Logan plans to come to trial

---

[128] Fed. R. Evid. 407.

[129] *Id.*

[130] Rec. Doc. 132-1 at 10.

[131] *Id.*

[132] *Id.* at 11.

[133] Rec. Doc. 147 at 4.

in civilian clothing.[134]

Plaintiffs do not dispute that Mr. Logan cannot provide testimony regarding the cause of the accident because he was not a witness to the accident. Mr. Logan may testify that he is employed as a Louisiana Wildlife and Fisheries agent, as this is relevant background information.[135] Pursuant to Federal Rule of Evidence 608(a), "[a] witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness . . . But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked." Therefore, it would be improper for Mr. Logan to use his position to bolster his credibility unless his character for truthfulness is attacked.

In a criminal case, *United States v. Perkins*, the Fifth Circuit held that a district court did not abuse its discretion by requiring an off-duty police officer, who previously had been stationed at military base with the defendant, to testify in civilian clothing about the defendant's interactions with other soldiers.[136] The Fifth Circuit noted that the witness had not been asked about his employment as a police officer, and the defendant could not point to any prejudice that resulted from having all witnesses testify in street clothes.[137] However, the issue of whether Mr. Logan should be allowed to wear his uniform is moot, considering Plaintiffs' representation that he will testify in civilian clothing.

---

[134] *Id.*

[135] *See e.g., Helpert v. Walsh*, 759 F. App'x 199, 204 (5th Cir. 2018).

[136] *United States v. Perkins*, 287 F. App'x 342, 350 (5th Cir. 2008).

[137] *Id.*

### 6.     Testimony Blaming Fertility Issues on the Accident

Defendants assert that Plaintiffs should be barred from blaming fertility issues on the accident because this is a medical issue that falls outside Plaintiffs' knowledge or expertise.[138] In response, Plaintiffs assert that Ms. Logan is not claiming the accident caused her fertility issues, but she fears that her body could not handle the rigors of pregnancy and the medications she takes could negatively affect a pregnancy.[139] Plaintiffs assert that this testimony supports her request for damages based on mental pain and suffering.[140]

To the extent Ms. Logan plans to testify that the accident caused her mental pain and suffering, including fears regarding a potential pregnancy, such evidence is relevant and within her personal knowledge. Testimony by a lay witness regarding the cause of any medical condition, including fertility issues, will not be permitted as medical causation testimony is within the purview of a medical expert.[141]

### 10.     Lay Testimony and Evidence Regarding Plaintiffs' Physical Condition

Defendants assert that "[e]vidence from lay witnesses concerning Rebecca Logan's medical condition, work capacity or alleged injuries should be excluded because lay witnesses are incompetent to testify to matters of a medical nature and because such testimony is hearsay."[142] Plaintiffs assert that lay witnesses may offer common sense opinion testimony regarding matters

---

[138] Rec. Doc. 132-1 at 11.

[139] Rec. Doc. 147 at 5.

[140] *Id.*

[141] *Rea v. Wisconsin Coach Lines, Inc.*, No. 12-1252, 2014 WL 4981803, at *2 (E.D. La. Oct. 3, 2014) (Duval, J.) ("[T]estimony as to causation or as to future medical treatment has been considered the province of expert testimony.").

[142] Rec. Doc. 132-1 at 14.

within their own perception and experiences in everyday life.[143]

As discussed above, testimony by a lay witness regarding the cause of any medical condition will not be permitted as medical causation testimony is within the purview of a medical expert.[144] However, a lay witness may present "[l]ay testimony . . . to complement and corroborate medical evidence."[145] Accordingly, Defendants' request to exclude lay witnesses from testifying concerning Rebecca Logan's medical condition is overly broad and must be denied.

### 11.     Testimony of Future Health Problems that Plaintiffs Believe May Occur

Defendants request that the Court exclude any testimony by Plaintiffs suggesting that Rebecca Logan may incur health problems or medical conditions, caused by the October 30, 2015 accident, or mention of fears or concerns about potential health problems or medical conditions which may arise in the future.[146] Defendants argue that such evidence is the province of a medical doctor, and Plaintiffs are not qualified to offer scientific testimony regarding medical causation, including but not limited to potential future injuries.[147] Plaintiffs assert that Defendants request is too vague, and they request that the Court not rule on this matter until Defendants clarify their position.[148]

As discussed above, testimony by a lay witness regarding the cause of any medical condition will not be permitted as medical causation testimony is within the purview of a medical

---

[143] Rec. Doc. 147 at 6 (citing *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008)).

[144] *Rea*, 2014 WL 4981803, at *2

[145] *Barocco.*, 100 F. App'x at 968.

[146] Rec. Doc. 132-1 at 14.

[147] *Id.* at 15.

[148] Rec. Doc. 147 at 6.

expert.[149] However, a lay witness may present "[l]ay testimony . . . to complement and corroborate medical evidence."[150] To the extent this request is too vague to allow Plaintiffs to file an appropriate response, Defendants request is denied. Defendants may raise this issue at trial if necessary.

### 14.     Comment on Absent or Probable Witnesses

Defendants move the Court to prohibit Plaintiffs from making any mention or suggestion "as to the probable testimony of a witness who is absent, unavailable or not called to testify in this cause, and no comment be made as to the failure of any party to call as a witness any person equally available to both parties."[151] Plaintiffs assert that Defendants request is too vague, and they request that the Court not rule on this matter until Defendants clarify their position.[152]

As a general matter, the parties should not reference any potential evidence or testimony that is not offered in Court. To the extent this request is too vague to allow Plaintiffs to file an appropriate response, Defendants request is denied. Defendants may raise this issue at trial if necessary.

### 15.     Testimony on Foundation Xpress's Entrustment of a Vehicle and Training of Smothers

Defendants move the Court to exclude any testimony related to Foundation Xpress's training of Smothers, or entrustment of the subject vehicle to Smothers.[153] Defendants argue that

---

[149] *Rea*, 2014 WL 4981803, at *2

[150] *Barocco.*, 100 F. App'x at 968.

[151] Rec. Doc. 132-1 at 16.

[152] Rec. Doc. 147 at 7.

[153] Rec. Doc. 132-1 at 16.

such testimony is irrelevant to any pending claim in this matter as Plaintiffs have not asserted a separate claim against defendant Foundation Xpress for negligent hiring, training, and entrustment of a vehicle to Smothers.[154] Plaintiffs acknowledge that they are not making a claim for negligent entrustment, training.[155] However, Plaintiffs argue that the training and experience of Smothers is relevant to this case and should be open to questioning as it could directly relate to the cause of the accident.[156]

Smothers' training and experience could be relevant to show the cause of the accident. Defendants have not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice or misleading the jury as required by Federal Rule of Evidence 403.

### 17.    References to Undisclosed or Unadmitted Evidence

Defendants move the Court to exclude any testimony, evidence, or argument, direct or indirect, concerning records, drawings, or other documents or exhibits by Plaintiffs not provided to or reviewed by Defendants because they argue any such evidence would violate the rules of discovery.[157] Plaintiffs assert that Defendants request is overly broad.[158] Plaintiffs contend that, if evidence previously unknown becomes relevant, the parties should have the ability for the Court to determine if such evidence should be admitted.[159]

---

[154] *Id.*

[155] Rec. Doc. 147 at 7.

[156] *Id.*

[157] Rec. Doc. 132-1 at 17.

[158] Rec. Doc. 147 at 8.

[159] *Id.*

Evidence that has been excluded by this Court should not be mentioned in the presence of the jury. Additionally, the parties were required to list and identify all exhibits in the Pre-Trial Order unless used solely for impeachment. Accordingly, Defendants request to exclude references to undisclosed or unadmitted evidence is granted. However, if for some reason previously unknown potential evidence becomes relevant, the parties may raise the issue at trial.

### 18.     Comment on Discovery Objections

Defendants move the Court to exclude any testimony, evidence, or argument, direct or indirect, concerning any objections or comments previously made by attorneys, whether in depositions, written discovery, hearings, or trial because they argue such evidence is irrelevant and would inflame the jury.[160] Plaintiffs assert that Defendants request is too vague, and they request that the Court not rule on this matter until Defendants clarify their position.[161]

Any discovery disputes between the parties should not be discussed in the presence of the jury. To the extent this request is too vague to allow Plaintiffs to file an appropriate response, Defendants request is denied. Defendants may raise this issue at trial if necessary.

### V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants Cory Smothers, Foundation Xpress LLC, and Westfield Insurance Company's "Motion in Limine on Consolidated in Limine Motions"[162] is **GRANTED IN PART** and **DENIED IN PART**.

---

[160] Rec. Doc. 132-1 at 17–18.

[161] Rec. Doc. 147 at 9.

[162] Rec. Doc. 132.

**IT IS FURTHER ORDERED** that Plaintiffs' motion is granted in part to the extent it seeks to exclude: (1) publication of insurance policy limits to the jury; (2) evidence of loss of past wages or income; (3) references to Smothers' Driver's Daily Log "violating the law"; (5) Plaintiff Derek Logan from testifying as to the cause of the accident; (7) references to no corporate representative being at trial and Foundation Xpress's status; (8) comment on Plaintiffs' and Defendants' financial resources; (9) comment on other legal proceedings, accidents, and dissimilar incidents; (12) references to settlement negotiations; (13) references to pre-trial rulings and motions regarding exclusions of evidence or testimony; (16) references to bias or prejudice against corporate defendants; (17) references to undisclosed or unadmitted evidence except that a party may raise any issues regarding newly discovered evidence at trial if necessary; and (19) references to conscience of the community.

**IT IS FURTHER ORDERED** that Defendants' motion is denied in part to the extent that it seeks to exclude: (2) evidence of lost future wages or income; (4) testimony regarding subsequent remedial measures for impeachment purposes only or to show control of Smothers' if that issue is disputed at trial; (5) Plaintiff Derek Logan from testifying regarding his occupation as discussed herein; (6) testimony regarding fertility issues to the extent such evidence is relevant and within the witness's personal knowledge; (10) lay testimony regarding Rebecca Logan's physical condition as discussed herein; (11) testimony of future health problems as discussed herein; (14) comments on absent or probably witnesses as discussed herein; (15) testimony on Foundation Xpress's training of Smothers; (18) comment on discovery disputes as discussed herein.

**NEW ORLEANS, LOUISIANA**, this   24th   day of January, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**